CHARLES B. FENTON v. JOSEPH H. STEERE, JUDGE OF MACKINAC CIRCUIT COURT.

*Equity—Partition—Adverse possession—Ejectment—Stay of proceedings.*

1. Where in a partition suit a plea of *ouster* and *adverse* possession is interposed by a defendant in *actual* possession, and the conflicting testimony shows that the defense is made in good faith, and that complainant's legal title, upon that defense, is doubtful and uncertain, the proceedings should be stayed until complainant establishes his title at law; and a claim of co-tenancy on the part of complainant will not affect defendant's right to a trial before a jury in an action of ejectment. *Hoffman v. Beard*, 22 Mich. 59.

2. The commencement of an ejectment suit by heirs against a co-heir in the possession of the joint premises, is an admission of such possession and of the ouster of the plaintiffs.

*Mandamus.* Submitted June 19, 1889. Denied October 11, 1889.

Relator applies for *mandamus* to compel respondent to set aside an order staying proceedings in a partition suit until complainant establishes his title at law, and to enter a final decree. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*William Jennison* (*Marston, Cowles & Jerome*, of counsel), for relator.

*Norris & Norris*, for respondent.

MORSE, J. Application for *mandamus.*

On the twenty-sixth day of November, 1886, the relator, Charles B. Fenton, filed a bill in the circuit court for the county of Mackinac, in chancery, against Annie M. Wendell,

Eva M. Wendell, and Romain I. Wendell, as defendants, setting forth, in substance, that he was the legal owner, and entitled to the possession, as a tenant in common, of the interest of four of the seven children of the late Abraham Wendell, of Mackinac Island, in certain real estate on said island called the " Wendell Homestead," and being lot 12 in the village of Mackinac, and which said Abraham owned in fee-simple, and occupied at the time of his decease.

That Wendell died intestate, and that said children were his legal heirs, and had lived with their said father on said homestead since their infancy; that since his said death they occupied the same as tenants in common, and that said premises had never been divided.

That said defendant Annie M. was the widow of Theodore Wendell, one of said seven children; and that said Eva and Romain Wendell were his minor children.

He therefore asked for a partition of the premises.

The minors filed a general answer, by guardian, and said' Annie M. Wendell pleaded ouster and adverse possession. Replication was filed, and on the twenty-sixth of November, 1888, said cause was heard on the pleadings and by examination of witnesses in open court.

The complainant, to sustain his allegations, submitted testimony consisting of competent legal conveyances from said four heirs of Abraham Wendell, and other proofs showing that he was the owner of the legal title to four undivided one-seventh parts of said estate. The defendants also submitted testimony to support their plea.

The case was then finally submitted to the court upon pleadings and proofs.

February 12, 1889, the court filed the following opinion in said cause:

" This is a suit brought to obtain partition of certain real estate on Mackinac Island known as the 'Wendell Homestead'

being lot number twelve (12), in the village of Mackinac, in said county.

"The property belonged to the late Abraham Wendell, who died in 1851, leaving seven children. He died intestate, and said children inherit his real estate as co-tenants.

"The complainant, Charles B. Fenton, claims title to certain interests in the property as assignee of several of the said children of the late Abraham Wendell, and has produced in evidence proper deeds of conveyance from them.

"The defendant Annie M., is widow of Theodore Wendell, deceased, who was a son of said Abraham Wendell, and the other two defendants are the minor children of Theodore and Annie M. Wendell.

"The minors, through their guardian, have filed a general answer, submitting the question of their rights to the court. The defendant Annie M. Wendell filed a plea setting up ouster and peaceable adverse possession for more than 15 years.

"The only serious issue presented to the court by the pleadings and proofs is that of ouster and adverse possession. Failing in that, counsel for the defense concede that complainant has established his co-tenancy, and right to a partition.

"They claim the suit should be remitted to a court of law to determine that issue.

"In 1879, the evidence shows that grantors of complainant brought ejectment against said Theodore Wendell to recover their interest in the property, which suit has never been discontinued, and is as yet undisposed of.

"The question of ouster and adverse possession is fairly presented by the pleadings in this suit, and the conflicting testimony upon that issue apparently shows the defense to have been made in good faith.

"The title upon that defense is doubtful and uncertain, and it is the opinion of this court that defendants are entitled to have it tried in a court of law. *Hoffman v. Beard*, 22 Mich. 59.

"Let proceedings be stayed until the complainant establishes his title at law."

An order was thereupon entered March 6, 1889, in accordance with said opinion. The relator prays that a writ of *mandamus* may issue from this Court directing the Hon. Joseph

H. Steere, judge of the circuit court for the county of Mack-
inac, to set aside the order thus made, and to enter a final
decree in the cause.

In the record before us we are not presented with any of
the evidence adduced in favor of the defendants' plea of
ouster and adverse possession.   We are informed, however, by
the judge's opinion, made a part of the record, that this
issue was fairly presented by the pleadings in the suit, the
testimony conflicting, and the defense apparently made in:
good faith; and that the title, in view of this defense, is
doubtful and uncertain.

It is claimed by the counsel for the relator that the finding
of the court below was that the defense offered by the
defendants was doubtful and uncertain; and that they hav-
ing the affirmative of the issue, and therefore failing to
establish it, and the title of the complainant being conceded
unless this defense prevails, the court was bound to make its
decree at the close of the proofs in favor of complainant as
prayed in his bill.

We do not so understand the finding of the circuit judge,
but that, upon the testimony submitted under this plea of
the defendants, the title to the premises was doubtful and
uncertain.   If so, the title of complainant was doubtful
and uncertain.

I am satisfied that the writ ought not to issue in this case.
If the defendants are in possession of these lands, and claim
adverse possession, they are entitled to the same rights under
the law as if there was no claim of co-tenancy on the part of
complainant.

They would therefore be entitled to a trial before a jury in
an action of ejectment, and to all the privileges which the
Legislature has seen fit to grant in that action in the matter
of new trials.   And this question of adverse possession is one
eminently proper to be determined by a jury.

The circuit judge followed the decision of this Court in *Hoffman v. Beard*, 22 Mich. 59, and in this I think he was correct.

The counsel for relator attempt to distinguish the present case from that of *Hoffman v. Beard*, on the ground that this Court, in the latter case, held expressly that the whole controversy related to the legal title of complainants.

But an examination of the statement of facts in that case will disclose that one of the main defenses was the exclusive possession of the land, claiming the whole title for 20 years, the same in effect as the defense in the case at bar. It is not claimed that the case of *Hoffman v. Beard* has ever been overruled, nor is any good reason shown why the defendants, on the issue made, are not entitled to a jury trial.

The complainant's case, it seems to me, is only a colorably one for partition. The true end and purpose appears to be to obtain a determination of rights respecting title and possession, which are purely legal, and there is nothing about his claim of title or the defense to it showing any obstacle to a full, fair, and final disposal of such claim in a court of law. In such a case there is solid ground for claiming that the litigation ought to be carried on in such a tribunal. *Wallace v. Harris*, 32 Mich., at page 389.

When complainant's title is thus established in a court of law, partition will follow in the present proceedings as a matter of course. If he cannot so establish it, he is not entitled to partition.

The respondent's return shows that it was shown on the trial that, in 1879, the grantors of complainant brought ejectment against Theodore Wendell, the husband of Annie M. Wendell and father of the minor defendants, to recover their interest in the property, which suit has never yet been discontinued, and is now undisposed of.

This was, of itself, an admission that Theodore was in pos-

session of the premises at that time, and of their own ouster.

The writ will be denied, with costs against the relator.

The other Justices concurred.