WHITELEY *v.* WHITELEY.

EJECTMENT—CLAIM OF TITLE—WHAT CONSTITUTES.

> Where a defendant in an action of ejectment employed counsel to make a defense under a plea sufficient to support a claim of title, and refused to sign a paper disclaiming title, asserting, on the contrary, that he claimed an interest in the premises in question under a will probated before suit, and failed at the trial to put in any testimony after plaintiff had made a *prima facie* case, a finding that he made such a claim of title as to authorize the commencement of suit under 2 How. Stat. § 7791, was justified.

Error to Ingham; Person, J. Submitted June 18, 1896. Decided July 31, 1896.

Ejectment by Nellie M. Whiteley against James Whiteley and others. From a judgment for plaintiff on verdict directed by the court, defendants James, Walter, and Harry Whiteley bring error. Affirmed.

*Smith & Lee*, for appellants.

*M. V. & R. A. Montgomery*, for appellee.

HOOKER, J. This is an action of ejectment. Plaintiff recovered, and defendants James, Walter, and Harry Whiteley bring error. Numerous questions are presented in the case, but we think there is none calling for discussion, except the one relating to the defendants' claim to the property in question, hereinafter referred to. It will suffice to say that we think the plaintiff made a *prima facie* showing of title, and that the objections which are urged to her proof of title are without merit.

At the close of the testimony, counsel for the appealing defendants made the claim that no proof showing that these defendants claimed title to the premises before suit

brought was introduced. The statute (2 How. Stat. §
7791) authorizes the bringing of the action of ejectment
in certain cases against a person exercising acts of owner-
ship on the premises claimed, or claiming title thereto, or
some interest therein, at the commencement of the suit,
and all persons claiming any title to the premises adverse
to that claimed by the plaintiff may in all cases be made
defendants.    There was no testimony in this case of any
specific claim actually asserted by the appellants, or
either of them, prior to the commencement of suit, unless
the probating of the will hereinafter referred to be taken
as such an assertion.    The action was commenced in Jan-
uary, 1894.    The case was not tried until June, 1895.
For the purpose of showing that defendants Walter,
Harry, and James Whiteley claimed an interest in the
property at the commencement of suit, plaintiff called
witnesses to show that on the 3d day of June, 1895,
these defendants were visited, and a paper presented to
each of them, reading as follows: "The Circuit Court
for the County of Ingham.    *Nellie M. Whiteley* v.
*James Whiteley et al.*    Ejectment.    I did not when
this suit was begun, never have since, and do not now,
make any claim to the land in dispute herein, of any
kind, adverse to the said plaintiff,"—and they were each
requested to sign this paper.    Each refused; and the wit-
ness who presented it testified that, as to Mr. James
Whiteley, he (James Whiteley) said he could not sign
the paper; that he had an interest in that property,
through his mother's will.    The two other defendants
stated that they made a claim through their grandmoth-
er's will, they being sons of James Whiteley.    This will
was admitted to probate in November, 1893, and James
Whiteley was appointed executor.    It purports to devise
certain interests, as follows:

"All the real estate of which I may die seised or pos-
sessed, and all rights, claims, or interests in real estate
owned by me at the time of my death, I give, devise, and
bequeath unto my son James Whiteley and my grand-

sons William A. Whiteley, Walter J. Whiteley, and Harry Whiteley, sons of said James Whiteley, in equal proportions, share and share alike."

The specific property in controversy is not named in the will, so that whether the probating of the will, or its recording, would amount to an assertion or a claim of title, in and of itself, would depend upon whether the property was in fact the property of the testatrix. It is contended by the plaintiff that, inasmuch as the statement of each of the defendants was that he claimed under the will of Elizabeth Whiteley, the fair inference is that such claim was made at least as early as the probate of the will. To sustain the holding of the circuit judge, we must be able to say that this is not only a proper, but the most probable, inference to be drawn from the testimony. *Pelky* v. *Palmer*, 109 Mich. 561. We must view it in the light of the surrounding circumstances. Unless the deed from Elizabeth Whiteley to plaintiff's father was valid, the defendant James and his three sons, Walter, Harry, and William Whiteley, became the owners, in equal shares, under the will of Elizabeth Whiteley. This will was probated before the action was commenced, and William Whiteley made a lease of the premises, or at least a portion of them, to defendants Fulton and Peters. James Whiteley was an uncle, and Harry and Walter were cousins, of Nellie Whiteley, the plaintiff. When the action was commenced, if not before, they were apprised of the plaintiff's claim; and, if they made no claim to ownership, the natural thing for reasonable and just men to do was to inform her that they made no claim to the premises. Instead of this, they went to the expense of employing counsel to make a defense to the action, under a plea which was sufficient to support a claim of title. In addition, each refused to admit that he did not claim title, but asserted that he did claim interests under the will, a few days before the case was tried; and upon the trial neither of them took the stand and testified that he was not claiming title when the action

was begun, which might easily have been done had it been true. We think the most natural and rational inference to be drawn from these facts is that they were claiming title when the action was commenced.

The judgment is therefore affirmed.

The other Justices concurred.