HOOPER v. DE VRIES.

1. PARTITION—TITLE—EQUITABLE RIGHTS.
    Complainant in a partition suit is not bound to first establish his title in an action at law unless the defendant sets up an apparently good legal title; and an equitable right in the defendant as a co-tenant, growing out of his improvement of the property, does not subject the complainant to that necessity, but, on the contrary, such right is only available to defendant in a partition suit.

2. SAME—INCONSISTENT DEFENSES.
    A claim by defendant in partition, in support of his contention that complainant should first establish his title at law, that, if ejectment were brought, the person under whom complainant claims would be a necessary party, and might have a valid defense to the action, is inconsistent with an answer which asserts that defendant is the sole owner and in sole possession of the property.

3. SAME—BONA FIDE PURCHASER—BURDEN OF PROOF.
    Where complainant in partition has a clear record title, and he has shown a purchase of the interest he claims, and payment therefor, the burden rests on defendant to show notice of equitable rights acquired prior to the purchase.

Appeal from Kent; Adsit, J.   Submitted November 6, 1897.   Decided December 7, 1897.

Bill by Thomas Hooper against Jacob De Vries, Sr., and Ida De Vries, for a partition of real estate.   From a decree for complainant, defendants appeal.   Affirmed.

*Maynard B. Butler*, for complainant.

*D. E. Corbitt*, for defendants.

MONTGOMERY, J.   The complainant filed a bill for partition of lots 271 and 273 of Leonard & Co.'s addition to the city of Grand Rapids.   From a decree granting the relief prayed, the defendants appeal, the contention being that complainant should have first proceeded to establish his title at law by ejectment.

The answer of the defendants consisted of a denial that the complainant had any right, title, or interest in the lots named, and the averment that the defendants were the sole owners of the property, and in possession thereof. On the trial it appeared that the lots in question were conveyed by deed from John S. Lawrence to Jacob De Vries, Sr., and Jacob De Vries, Jr., September 10, 1892; that subsequently the undivided one-half interest of Jacob De Vries, Jr., was sold by the sheriff of Kent county, and purchased by the complainant; so that a complete record title in the undivided one-half was shown in the complainant, and there could have been no good faith in the contention by the defendants that they were the sole owners of the property. The defense actually attempted on the hearing was this: Defendant Jacob sought to show that, at the time the property was purchased of Lawrence, he (defendant) paid most of the purchase price, and afterwards moved a house onto the property at his own expense.   Defendent contends that, under this showing, relief ought not to be granted in this proceeding, but complainant should resort to his remedy at law.   So far from this being true, the only remedy to which defendant would be entitled for any improvement put upon the land would be upon partition, and this remedy must be afforded him in a court of equity. See Freem. Co-ten. § 510.   It is only in case the defendant sets up a good legal title that the complainant is required to first contest that title at law, as in *Fenton* v. *Mackinac Circuit Judge*, 76 Mich. 405.   But, where the defendant's claim is purely equitable, and particularly

where, as in this case, the remedy could be awarded only on a partition of the lands, there can be no propriety in remanding complainant to a suit at law, to which no good-faith defense can be interposed by the defendant.

It is suggested that Jacob De Vries, Jr., might have had some defense to an action of ejectment; that, if he was preparing to put a house on the vacant lot, he might claim it as a homestead. This is speculation. No such defense was attempted here. The answer, on the other hand, asserts positively that the defendant Jacob De Vries, Sr., and his wife, are the sole owners of the property.

Again, it is suggested that, if ejectment were brought, Jacob De Vries, Jr., would have to be a necessary party. This is not consistent with the answer of the defendant, which asserts that the defendant Jacob, Sr., and his wife, are in sole possession of the property.

The defense attempted is not within the answer, and the record shows no notice to complainant prior to his purchase of any equitable claim of defendant. The complainant had the right to rely upon the title as it appeared of record. *Reynolds* v. *Ruckman*, 35 Mich. 80; *Hammond* v. *Paxton*, 58 Mich. 393. Complainant having shown purchase of these lands, and payment therefor, the burden rests with defendant to show some notice of his equitable rights prior to the purchase. *Shotwell* v. *Harrison*, 22 Mich. 410.

The decree will be affirmed.

The other Justices concurred.