## CARPENTER *v.* CARPENTER.

119 167
120 499

119 167
s126 224

119 167
e139 ¹169

119 167
153 ²467

1. EJECTMENT—OUSTER—PLEADING.
   In ejectment, an ouster may be admitted by the pleadings.

2. SAME—EXCLUSION OF COTENANT—SUFFICIENCY OF EVIDENCE.
   2 How. Stat. § 7812, requiring one who seeks to maintain ejectment against his cotenant to show an actual ouster, or some other act in total denial of his right, is sufficiently complied with where, aside from defendant's testimony of occupancy for 12 years under claim of ownership of the entire title, his plea sets up a former suit in ejectment between other parties as a bar to plaintiff's title.

Error to Ingham; Wisner, J., presiding. Submitted October 5, 1898. Decided January 3, 1899.

Ejectment by Cora M. Carpenter against Augustus D. Carpenter and another for the undivided one-fifth of certain premises. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Reversed.

With their plea of the general issue, defendants gave notice of a former suit in ejectment between certain parties, alleging it to be a bar to any right or title of the plaintiff to the premises described in the declaration. Upon the trial, plaintiff called defendant Augustus D. Carpenter as a witness, and proved by him that he had lived upon the place for 10 or 12 years, and that he claimed to be the entire owner of the property, but that he had not exchanged a word with plaintiff in regard to it prior to commencement of suit. The court directed a verdict for the defendants, upon the ground that plaintiff had failed to prove an ouster.

*Smith & Hood*, for appellant.

*Frank L. Carpenter*, for appellees.

Grant, C. J. (*after stating the facts*). We think the learned circuit judge was in error. An ouster may be admitted by the pleadings. Newell, Ej. p. 133, § 16. The plea and notice constituted a deliberate assertion of title and possession hostile to plaintiff's title. This, coupled with the testimony that defendant had been in possession for 12 years, claiming to own the entire title, was sufficient evidence of ouster. *Fenton* v. *Miller*, 94 Mich. 204. In addition to the authorities there cited at page 211, see, also, Newell, Ej. 134; *Fenton* v. *Mackinac Circuit Judge*, 76 Mich. 405, 409; *Clason* v. *Rankin*, 1 Duer, 337; *Giddings* v. *Canfield*, 4 Conn. 482; *Peterson* v. *Laik*, 24 Mo. 541 (69 Am. Dec. 441); *Whiteley* v. *Whiteley*, 110 Mich. 556.

Judgment reversed, and new trial ordered.

The other Justices concurred.