CARPENTER v. CARPENTER.                           ·130    213
                                                  s136    363

1. ERROR—FAVORABLE RULINGS.
   Questions decided in favor of appellant in the court below will
   not be reviewed on writ of error in the Supreme Court, where
   the party against whom the rulings were made has not ap-
   pealed, and the bill of exceptions was made out with a view
   to having appellant's assignments of error passed upon.

2. EVIDENCE—CROSS-EXAMINATION.
   In an action of ejectment involving the questions of the de-
   livery of a deed and adverse possession, testimony on cross-
   examination of plaintiff's husband that he presented a claim
   against his mother's estate, which was disallowed, and also
   contested her will, is irrelevant.

Error to Ingham; Wiest, J.    Submitted January 28, 1902.  (Docket No. 67.)   Decided March 26, 1902.

Ejectment by Cora M. Carpenter against Frank L. Carpenter and others.    From a judgment for defendants, plaintiff brings error.    Reversed.

*Smith & Hood,* for appellant.

*Frank L. Carpenter* (*Russell C. Ostrander,* of counsel), for appellees.

MOORE, J.    This is an action of ejectment.    It was. tried before a jury.    The case is brought into this court by writ of error.    In its facts it is almost like the case of *Carpenter* v. *Carpenter,* recently heard in this court, and reported in 126 Mich. 217 (85 N. W. 576).    In this, case the title to the undivided one-fifth of lot 10 is involved, while in the other case it was the title to the undivided one-fifth of lot 12.    The case of *Carpenter* v. *Carpenter, supra,* was pending in this court when the case now under consideration was tried in the circuit court.    It is. probable, if the opinion in *Carpenter* v. *Carpenter* had been handed down before the trial of this case, this case would not now be here.    A reference to the reported case of *Carpenter* v. *Carpenter* will make a long statement. of facts unnecessary.

Upon both trials three defenses were interposed :  *First,* that there was no delivery of the deed from Miriam Carpenter to Miss Rogers, through whom, by *mesne* conveyances, plaintiff claims title; *second,* adverse possession; and, *third, res adjudicata,* because of an ejectment suit wherein defendants Frank L. Carpenter and Lucy C. Jones were plaintiffs, and John I. Carpenter and one Sautelle were defendants.    As to the third defense, the circuit judge held it was not made out, and charged the jury in favor of the plaintiff as to that defense.    As to the other two defenses, the court allowed the jury to pass upon them. The jury found there was no delivery of the deed, and the judge entered a verdict for the defendants.

A comparison of this record with the record before us in *Carpenter* v. *Carpenter, supra,* upon the first of the defenses, shows the testimony was nearly identical. Where it differs, it is even stronger in this case in favor of the plaintiff. As to the question of adverse possession, it is substantially the same in both cases. As to both of those defenses, we think the case of *Carpenter* v. *Carpenter* is controlling, and the judge should have instructed the jury that neither of those defenses had been established.

As the court decided the third defense in favor of plaintiff, and defendants took no appeal, and the bill of exceptions was settled in view of having plaintiff's assignments of error passed upon, and the record discloses that some of the testimony as to what issue was tried in the ejectment case against Carpenter and Sautelle is not incorporated in the record, we do not think we can now definitely settle that phase of the case.

Upon the cross-examination of witness John I. Carpenter, the court allowed testimony to be given that he had presented a large claim against the estate of his mother, which was disallowed, and also that he contested her will, which will was duly probated. This testimony was not germane to the issue involved, and the objection to it should have been sustained.

In view of the conclusions we have reached and herein expressed, it will not be necessary to discuss the other assignments of error.

The judgment is reversed, and a new trial ordered.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.