CONNOR *v.* CONNOR.

1. EJECTMENT—POSSESSION.
Ejectment cannot be maintained against one who, on notice from plaintiff, vacated the premises, locking one door from the inside, leaving the key in the door, and closing the other door, which was locked behind him with a spring lock; there being nothing to indicate that defendant ever made any claim of title.

2. SAME—CLAIM OF TITLE.
In such a case, a statement by defendant that plaintiff would get the house when the law gave it to her was not a claim of title.

Error to Wayne; Rohnert, J.   Submitted June 3, 1903. (Docket No. 12.)   Decided September 15, 1903.

Ejectment by Mary Connor against Martin Connor and Catherine Connor.   From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*James H. Pound*, for appellant.

*Howard B. Bloomer*, for appellees.

HOOKER, C. J.   The plaintiff's aunt, Bridget Mahan, owned the premises, consisting of a parcel of land and two houses.   The defendants lived with her in one of the houses at the time of her death, September 24, 1901. Bridget Mahan deeded the premises to the plaintiff, subject to a life estate reserved to herself, by deed acknowledged November 9, 1892.   Four days after Bridget's death, the plaintiff caused notice to vacate to be served upon the defendants, threatening ejectment for noncompliance.   No time was stated in the notice.   The plaintiff ascertained on November 1st that the defendants had vacated the house.   She went to the place, and found it

locked up, and the windows fastened. Thereupon her counsel wrote to Mr. Connor, and asked that he deliver the keys to the bearer, or he would be obliged to charge him rent at $25 per month. It does not appear when this letter was served, or what reply was made to it, except the statement by the plaintiff that it was served on the 5th by an officer. On November 7th this action was brought, and on the 9th the plaintiff received a letter from Martin Connor, stating that the keys were left in the house, and that he had no key to the spring lock on one of the doors. There is nothing to indicate that this was not true. He also wrote that plaintiff could easily get into the house, and would find the keys there. Some days later, the plaintiff entered through a second-story window. On the trial defendants' counsel disclaimed for his clients any title or right of possession, and, after the proofs were closed, moved the court to direct a verdict for the defendants, and offered to waive costs, and the court granted the motion, and a judgment was entered accordingly. The plaintiff has appealed.

The only question in the case is whether the defendants unlawfully withheld the possession of these premises from the plaintiff when the action was begun. It is undisputed that, in compliance with counsel's notice, they moved out and vacated the premises, locking one door on the inside, and closing the other door, which was locked behind them by a spring lock. They kept no key. Whatever the plaintiff may have thought, this was an abandonment of possession, as a matter of fact, and there is nothing to indicate that the defendants ever made a claim of title of any kind. The statement that the plaintiff would get the house when the law gave it to her was not a claim of title, when viewed in the light of the undisputed facts. In this respect the case differs from *Whiteley* v. *Whiteley*, 110 Mich. 556 (68 N. W. 241). There being no claim of title, and the proof conclusively showing that there was no possession, plaintiff's case has nothing to rest upon. Apparently, counsel commenced it upon the belief that by retaining the

key defendants retained possession.    But it turns out that they did not retain the key, and all that is left is the fact that they did not tell the officer so when notified that if the key was not delivered they would be charged rent. Plaintiff and her counsel knew that the house was vacated in compliance with their notice, and they could have entered as easily on the 7th day of November, before bringing suit, as they could afterwards.

The judgment is affirmed.

The other Justices concurred.