## MERTENS *v.* COOK.

1. PARTITION—CLAIM OF TITLE—DEMURRER.
   Where, by a demurrer to a bill for partition, defendant admits that the land is owned in common, complainant is entitled to relief in equity, notwithstanding an allegation that defendant claims title, and refuses possession and participation in the profits.

2. SAME—PARTIES—HEIRS—ADMINISTRATOR.
   A bill for the partition of lands among heirs is not defective for failure to make the administrator of the estate a party, where it shows that the ancestor left no debts, or where it does not appear that the estate was administered.

Appeal from Sanilac; Beach, J.  Submitted October 9, 1903.  (Docket No. 37.)  Decided November 9, 1903.

Bill by Emma Mertens and Ada Leathers against William W. Cook for a partition. From an order overruling a demurrer to the bill, defendant appeals. Affirmed.

*E. C. Babcock*, for complainants.

*Wilford Macklem*, for defendant.

Hooker, C. J. This is an appeal from an order overruling a demurrer to a bill in chancery for partition. The bill alleges that the complainants own a tenth interest in the premises as heirs at law of Susannah Leathers, one of ten children, and heirs of Samuel and Eva Cook, deceased, and that the defendant is the owner of the remaining nine-tenths by purchase from the other heirs of said Samuel and Eva Cook. It also alleges ownership in fee by Samuel Cook during his lifetime, a life estate by Eva Cook, his widow, and that said defendant has been in possession since the death of Eva Cook, and refuses to permit complainants to enter or occupy the premises, or to account for the rents and profits, claiming title thereto. The grounds of demurrer are (1) want of equity on the face of the bill; (2) adequate remedy at law; (3) right of trial by jury to try title in an action at law; (4) allegation in bill that defendant claims entire title; (5) face of bill shows action at law is the proper remedy.

There is no substance in the grounds of the demurrer. If, as the bill states, the land is owned in common, the complainants have a right to partition, and equity is a proper forum to obtain it. The action of ejectment would not partition the premises. While the bill states that defendant refuses possession and participation in the profits, if the bill states the truth this is a mere subterfuge, without substantial foundation. In the case of *Hoffman* v. *Beard*, 22 Mich. 59, it was held that purely legal titles are to be tried at law. There the case was heard, and the bill was dismissed. On review it was said that the trial "court might, in its discretion, have dis-

missed the bill, or suspended proceedings till complainants should have an opportunity to try the title at law." Such a course was taken in the later case of *Fenton* v. *Mackinac Circuit Judge*, in a case where the testimony showed that such a defense was made in good faith.   See *Fenton* v. *Mackinac Circuit Judge*, 76 Mich. 405 (43 N. W. 437).   In the present case there is no such defense. The demurrer admits (for the purpose of this hearing) the truth of the allegations of the bill.   If they are true, defendant has not full and exclusive title.

We need not concern ourselves with the question of accounting, or failure to make parties the administrators of Samuel Cook or Susannah Leathers, if there be such. The bill shows upon its face that Cook left no debts, and it does not show whether Mrs. Leathers' estate was administered or not.

It is said that the bill omits to show that the defendant acquired the title of Abraham, one of Samuel Cook's heirs, and that he is a necessary party.   The bill states that William W. Cook did acquire such title, and owns it, but omits to state the fact or date of conveyance.   Moreover, no such ground of demurrer is stated, and the same may be said regarding the prayer for an accounting.   The right to partition is a sufficient ground for filing this bill.

The court properly overruled the demurrer, and his order is affirmed, with costs.

The other Justices concurred.