LORANGER *v.* CARPENTER.

1. TENANCY IN COMMON — ADVERSE POSSESSION — EVIDENCE — AS-
SERTIONS OF TITLE BY CO-TENANT.
  Assertions of title by a tenant in common to a stranger, not
  communicated to or known by the co-tenant, are not admis-
  sible to establish an occupancy hostile to the co-tenant's
  title.

2. WITNESSES—CROSS-EXAMINATION—TESTING CREDIBILITY.
  Questions put to a witness on cross-examination about imma-
  terial matters, which cannot be used for the purpose of testing
  the witness' credibility, are properly excluded.

3. EVIDENCE—ADMISSIONS AGAINST INTEREST.
  Statements by a tenant in common recognizing the title of her
  co-tenant are admissible as admissions against interest.

4. EJECTMENT—EVIDENCE—ADMISSIBILITY—FRAUD.
  In ejectment, evidence that the title under which plaintiff
  claims was procured by fraud is inadmissible, a court of
  equity being the only forum in which to test the validity of
  the deeds under which plaintiff claims.

Error to Wayne; Rohnert, J. Submitted April 12,
1907. (Docket No. 74.) Decided June 3, 1907.

Ejectment by Melissa A. Loranger against Harriet A.
Carpenter and another. There was judgment for plain-
tiff, and defendant Carpenter brings error. Affirmed.

This is an action of ejectment to recover possession of
an undivided interest in 13½ acres of land. In 1860 the
premises were set off by the probate court to Andrew,
Harriet, Lyman, and John Bucklin in equal undivided
shares as heirs of James Bucklin, deceased. Dower was
assigned to the widow in other lands adjoining, and she
had no interest in the land in dispute. She subsequently
married and became Sarah C. Cole. Lyman and John
died unmarried, and their shares descended to the mother,

giving her an undivided one-half interest in the land. On January 20, 1872, Harriet and Andrew deeded their shares to one Charles F. Campau. In January, 1891, Campau and his wife mortgaged their interest to one Joseph Visger. In July, 1892, Campau sold and conveyed his interest to Josiah Riopelle. Visger assigned his mortgage to one Anderson, and Anderson assigned it to the plaintiff herein. All these conveyances were properly recorded. Complainant foreclosed her mortgage in chancery, and obtained a commissioner's deed in December, 1902. She thereafter instituted this suit. The defense is adverse possession. Mrs. Cole occupied this land in connection with the adjoining land which she owned and occupied as a homestead and dower in the estate of her deceased husband. They were in one inclosure, and she farmed them or rented them, collected the rent, and paid the taxes, except once when the land was sold for taxes, bid in by the State, and purchased by her. By her will she devised this property to the defendant. She did not pay the taxes in 1899. One Ross purchased the tax title from the State, and conveyed it to the defendant, Mrs. Carpenter. The case was submitted to the jury, who rendered a verdict for the plaintiff. In answer to special questions, the jury found that Mrs. Cole did not hold the exclusive possession of the whole of this property as a part of her farm adversely and hostile to the rights of Campau under the claim of title to the whole for 15 years prior to her death. The record contains 37 assignments of error. The thirty-seventh assignment includes the refusal to give the 10 requests preferred by the defendant.

*Thomas Hyslop*, for appellant.

*Henry N. Brevoort* (*J. W. Drummond*, of counsel), for appellee.

GRANT, J. (*after stating the facts*). 1. The first point made in counsel's brief is:

"The remarks of the court were entirely uncalled for

and almost before any evidence was offered, and only served to indicate to the jury that defendant had no valid defense."

The point is not further argued. These remarks were very properly made, and related to the record title, about which there was no dispute. There is nothing in them of which any just complaint can be made.

2. Testimony of conversations between Mrs. Cole, who was dead, and a witness, of statements made by Mrs. Cole as to her claim, and not in the presence of Mr. Campau, were properly excluded. Campau and Mrs. Cole were tenants in common, and she could not make assertions of title to a stranger which were not communicated to or known by Mr. Campau. Such assertions would not constitute an open act of hostility to Campau's title.

3. Counsel for defendant asked a witness on cross-examination whether she had not presented a note against the estate of her mother which she claimed was signed by her mother. This was properly excluded. It was immaterial to the issue in the case, and could not be used for the purpose of testing the witness' credibility.

4. Statements made by Mrs. Cole recognizing the title of defendant Campau were properly admitted. They constituted admissions against her interests.

5. Defendant sought to show that Campau obtained the deed of her one-fourth interest from defendant by fraud. The evidence was properly excluded. Plaintiff had the legal title, and a court of equity would be the only forum in which to test the validity of a deed from defendant to Campau and the other deeds by which plaintiff obtained her title.

6. Several other objections are raised to the testimony, but the defendant's counsel neither in his assignments of error nor in his brief refers to the record where the testimony is to be found. We have examined the record and find nothing prejudicial to the defendant's case. They are not of sufficient importance to discuss.

7. The court correctly instructed the jury as to the acts

of hostility required by one tenant in common to constitute adverse possession against his co-tenant. These principles are well understood, and a statement of them is unnecessary. The defendant's requests so far as they were proper were in substance contained in the oral charge. The plaintiff was the owner of the record title. It is doubtful if the facts made by the defendant's proof were sufficient to justify a verdict of title by adverse possession. It was, however, left to the jury, and we think they reached the proper conclusion.

The judgment is affirmed.

McALVAY, C. J., and CARPENTER, BLAIR, and OSTRANDER, JJ., concurred.