## WARREN *v.* WARREN.

1. PARTITION—BILL—SUFFICIENCY—REMEDY AT LAW.

A bill for partition presents no case for equity where it shows upon its face that the title to the land is in controversy.

2. SAME—AMENDMENT—EFFECT.

A bill to partition land devised to decedent, remainder to complainant and defendants, which avers that decedent during her lifetime asserted the claim that the title vested in her absolutely and conveyed the land to defendants, is not aided by an amendment introducing an averment that the conveyance made by decedent in her lifetime was without necessity and in fraud of complainant's rights, and without consideration, since the question at issue still is, What vested in the defendants under the deed?

3. SAME—WILL—BILL TO CONSTRUE—SUFFICIENCY.

A bill to partition land devised to decedent, remainder to com-

plainant and defendants, which must be dismissed as such as showing on its face that the title to the land is in controversy, cannot be sustained as a bill to obtain a construction of the will under which all parties claim where it contains no prayer for such relief and there is no dispute between the parties as to the construction of the will.

4. WILLS—CONSTRUCTION—BILL TO OBTAIN—PROPRIETY—REMEDY BY EJECTMENT.

A claimant of property under a will cannot obtain a construction of the will by bill in equity where an action of ejectment may be brought to determine the effect of the conveyances under which all parties claim.

5. QUIETING TITLE — BILL — SUFFICIENCY—AVERMENT AS TO POSSESSION.

A bill cannot be sustained as a bill to quiet title which shows upon its face that defendant is in possession.

Appeal from Wayne; Donovan, J. Submitted January 7, 1908. (Docket No. 4.) Decided January 31, 1908.

Bill by William H. Warren against John E. Warren and others for a partition of certain real estate, for the appointment of a receiver, and to set aside certain deeds. From a decree dismissing the bill, complainant appeals. Affirmed.

*James Swan,* for complainant.

*Russel, Campbell, Bulkley & Ledyard,* for defendants.

MONTGOMERY, J. This is a bill for a partition of lands. The bill alleges that the parties, complainant and defendants, are children and heirs at law of John Locke Warren, who died testate on the 10th of August, 1896. By the terms of his will, which was probated, Margaret Warren, his wife, was appointed sole executrix, and she was authorized to sell and convey or lease any portion or the whole of the property, in her discretion, and to use and enjoy the same during her natural life. The will contained the provision that at the death of Margaret War-

ren any residue of the estate which was left should vest in common in the complainant and defendants.

The bill alleges that by the terms of the will Margaret Warren became possessed of a life estate, with remainder over to complainant and defendants. It then described lands of which John Locke Warren died seised, and avers that the complainant and defendants are seised in fee simple and entitled to the premises described as tenants in common, the complainant and each of the defendants being entitled to a one-quarter interest. The bill further avers that Margaret Warren, during her lifetime, made and executed warranty deeds to the defendants of all the described property, which were placed of record, she, Margaret, claiming, as the complainant is informed, that she held the same in fee simple, and not as life tenant. The bill further alleges that the defendants have denied complainant's right to any interest in the premises, and that complainant is desirous that a partition be made, and that the premises are in the possession of tenants who are paying rent to the defendants.

The bill prays that the parts or shares belonging to the complainant and the other owners may be settled and ascertained by and under the direction of the court, and that a division and partition thereof be made, and also prays for the appointment of a receiver, and that the deeds of Margaret Warren to the defendants may by decree of the court be declared null and void and of no force and effect whatsoever.

At the settlement of the decree, and after a decision had been announced by the trial judge, it was proposed to amend the bill by the further statement that the conveyance made by Margaret Warren in her lifetime was without necessity and in fraud of the rights of complainant, and without any consideration being paid therefor. The circuit judge dismissed the bill on the ground that the bill presented no case for equity, it being a bill filed for partition, and showing upon its face that the title

to the land was in controversy, and that the question of title was one triable in a court of law. This decision of the circuit judge was right, and accords with the decision of *Hoffman* v. *Beard*, 22 Mich. 59, the rule of which case has never been disturbed.

If we treat the amendment proposed at the settlement of the decree as made, it does not change the aspect of the case. The bill originally averred that Mrs. Warren asserted the claim that the title vested in her absolutely under the will of her husband, and conveyed the land to the defendants. It is immaterial as to whether this resulted from importunity on the part of the defendants or as the result of a conspiracy. The real question is, What vested in the defendants under the deed?

It is suggested in the brief that the bill should be sustained as a bill for the construction of the will of John Locke Warren. The bill contains no such prayer for relief, nor is there any averment in the bill of complaint that there is any dispute existing between the parties as to the construction of the will. Nor do we understand that in a controversy between two claimants of title derived from the will of another, any claimant may invoke the aid of a court of equity in securing a construction of the will when, by an action of ejectment, the rights derived by the conveyance under which they claim may be determined in an appropriate forum.

To the suggestion that the bill may be treated as a bill to quiet title, a sufficient answer is that the bill shows upon its face that defendants are in possession.

The decree will be affirmed, with costs.

BLAIR, OSTRANDER, and MOORE, JJ., concurred. HOOKER, J., concurred in the result.