## DAHLEM *v.* ABBOTT.

1. EJECTMENT—TITLE TO SUPPORT—TITLE BY PRESCRIPTION.
     Title by prescription is a complete title, and will sustain an
     action of ejectment as well as a record title.

2. SAME—EVIDENCE—TITLE BY PRESCRIPTION.
     Where plaintiff in ejectment shows that her ancestor took
     possession with her family nearly 40 years ago under certain
     deeds introduced in evidence, and that her heirs have re-
     mained continuously in possession ever since, there is suffi-
     cient evidence of title by prescription to sustain a verdict.

3. SAME—OUSTER—WHAT CONSTITUTES.
     The acquisition of a tax deed by a tenant in common, claim
     made thereunder, and the statement of the co-tenant in
     possession that she holds under the tax title holder in conse-
     quence of the tax title, are sufficient evidence of ouster of
     another co-tenant to support ejectment.

Error to Muskegon; Padgham, J., presiding. Sub-
mitted April 17, 1908. (Docket No. 118.) Decided July
1, 1908.

Ejectment by Lucy Dahlem against John Abbott and
others. There was judgment for defendants on a verdict
directed by the court, and plaintiff brings error. Re-
versed.

*Stephen H. Clink,* for appellant.

*Nims, Hoyt, Erwin & Vanderwerp,* for appellees.

GRANT, C. J. This case is before us the second time.
A full statement can be found in the opinion then ren-
dered. (146 Mich. 605.)

Defendant Abbott, upon the first trial, claimed under

153 MICH.—30.

a tax title and title by adverse possession. It was held that he had not acquired title by adverse possession, and that he could not under the facts there disclosed acquire a valid tax title as against plaintiff and the other defendants. The judgment was reversed and a new trial ordered. Upon the second trial plaintiff produced two deeds, one made to Vesula Converse and the other to Virsula Converse. Counsel for plaintiff, in his opening statement, stated that the property was formerly owned by Ursula Converse, and that she died in 1872. Plaintiff gave evidence tending to show that under these deeds Ursula Converse took possession and remained in possession until her death, about three years after, and that her heirs, the defendants, except defendant Abbott, who married one of the daughters, have remained in possession ever since, and that upon the death of Mrs. Abbott, the daughter of Mrs. Converse, in 1887, Mr. Abbott and his children moved in and lived with the others until about two years before the trial of this cause. Plaintiff also gave evidence showing that defendant Abbott claimed title by virtue of his tax deed. Defendant Matilda testified that defendant Abbott claimed to own the property, and that she held it subject to him. Defendant Abbott alone defends.

After the plaintiff had rested, the court, at the request of the defendant, directed a verdict for him upon the ground that plaintiff had failed to show a record title. We think the court erred. Title by prescription is a complete title, and will sustain an action of ejectment as well as a record title. Plaintiff's testimony tended to show that Mrs. Converse took possession of this land with her family, under the deeds introduced in evidence, nearly 40 years ago, and that her heirs have remained continuously in possession ever since. This was evidence of title acquired by prescription. The acquisition of a tax deed, claim made thereunder, and the statement of Matilda that she held under him in consequence of the tax title,

are evidence of ouster. *Whiteley* v. *Whiteley*, 110 Mich. 556; *Carpenter* v. *Carpenter*, 119 Mich. 167.

The court erred in directing a verdict, and the judgment is reversed, and a new trial ordered.

BLAIR, MONTGOMERY, CARPENTER, and McALVAY, JJ., concurred.