LORANGER *v.* CARPENTER.

1. JUDGMENT — RES JUDICATA — TAXATION — EJECTMENT — TITLE UNDER TAX SALE—PARTITION.

:As against a claimant under a tax purchase, a judgment in ejectment is *res judicata* of her interest and claim, where it appears in partition proceedings that in a prior action of ejectment between complainant and the grantor from whom claimant derived her tax title, the tax deed constituting the basis of her claim was offered in evidence, the defendant asked the court to charge that possession held under the deed was a defense to the action, that the court submitted to the jury the claim of adverse possession under the tax deed and the verdict determined the question adversely to defendant in ejectment, who later conveyed by quitclaim her interest to claimant.

2. PARTITION — EJECTMENT — EQUITY JURISDICTION — ADEQUATE REMEDY AT LAW.

A suit in partition is not defeated by a claim of title on the part of one of several defendants which is clearly so insufficient as to render a trial at law merely a useless formality.

3. SAME — TAX TITLE — ADVERSE POSSESSION — LIMITATION OF ACTIONS—NOTICE TO REDEEM.

Nor was it a defense to the suit that defendant had occupied the premises adversely under her tax title since the judgment in ejectment, in the absence of proof that the statutory notice to redeem had ever been served on the proper persons; wherefore no right of possession or of title could be claimed by the tax purchaser.

4. SAME—DUTY OF COTENANT TO PAY TAXES.

A cotenant of an undivided half interest in land, being under obligation to pay the taxes, could take no interest in a tax title upon the whole parcel purchased by another and conveyed to the tenant in common.

Appeal from Wayne; Donovan, J. Submitted June 14, 1911. (Docket No. 46.) Decided November 3, 1911.

Partition by Melissa Loranger against Harriêt A. Carpenter, Mary P. Ross (now Hislop), and others. From

a decree for complainant, defendant Hislop appeals. Affirmed.

*Devine & Snyder,* for complainant.

*Edward E. Kane,* for defendant Hislop.

OSTRANDER, C. J.   In March, 1905, Melissa A. Loranger, who is the complainant in the case at bar, instituted an ejectment suit against Harriet A. Carpenter and another (a tenant) for an undivided half interest in a certain parcel of land.   In that action the defendant Carpenter claimed title to all the land by adverse possession.   In that action, some time in the year 1906, the plaintiff recovered a judgment for an undivided half interest in the land, and that judgment was affirmed by this court. *Loranger* v. *Carpenter,* 148 Mich. 549 (112 N. W. 125). It appeared in the ejectment suit that Harriet A. Carpenter owned an undivided half of said property acquired by a devise from her mother, Sarah C. Cole; that said Sarah C. Cole was in possession thereof until her death in 1899; that the lands were sold for taxes in the year 1899, were bid to the State, and that Mary P. Ross, now Mary P. Hislop, purchased the land from the State March 23, 1903, and on September 23, 1903, obtained an auditor general's deed for all the land.   About seven months after she acquired the tax title, Mary P. Ross conveyed the land by a quitclaim deed to Harriet A. Carpenter, who later, on June 10, 1907, reconveyed by a quitclaim deed to Mary P. Ross, prior to which date, and on May 28, 1907, Mrs. Carpenter gave a quitclaim deed of an undivided half interest in the land to her son, James Bruce, and previous to that time she gave a mortgage for $200 to William Stevenson, covering the whole parcel.   Melissa A. Loranger filed her bill in the circuit court for the county of Wayne in chancery for a partition of the land.   Her second amended bill was filed January 26, 1910.

She sets up the source of her title, the judgment in the ejectment suit, and makes Harriet A. Carpenter, James

Bruce, William Stevenson, and Mary P. Hislop, née Ross, parties defendant. As to defendant Bruce, she charges that he pretends to have some right, title, or interest in the land under and by virtue of the said deed executed to him by Harriet A. Carpenter May 26, 1907; that William Stevenson pretends to have some right, title, or interest in the premises under the said mortgage executed by the said Harriet A. Carpenter April 24, 1907. What she alleged with reference to Harriet A. Carpenter's interest in the original bill we do not know, but in the second amended bill, which is printed in the record, she alleges that the answer and disclaimer of said Harriet A. Carpenter shows that Mary P. Hislop pretends to have some interest in the premises under and by virtue of the said auditor general's deed, dated September 23, 1903.

Defendant Stevenson answered, setting up and relying upon his said mortgage. Harriet A. Carpenter answered, averring that both complainant and said Carpenter lost all title and interest which they ever had in the property by virtue of the said tax sale, evidenced by the auditor general's deed of September 23, 1903. She avers that on that date she was in open and notorious possession of the property, and surrendered said possession to Mary P. Hislop, and that the said Mary P. Hislop has held adverse possession of that property for five years and upwards; that complainant never had possession of the property, and no attempt was ever made to disturb the possession of the said Mary P. Hislop, nor any attempt ever made by complainant to redeem said land from the said tax sale. She disclaims all present right and title to the land and every part of it.

The defendant James Bruce answered, setting up the title of his mother, Harriet A. Carpenter, the auditor general's deed of September 23, 1903, which, it will be remembered, conveyed the entire parcel sought to be partitioned, a conveyance by Mary P. Ross, the holder of said tax title, to Harriet A. Carpenter, which he says was October 7, 1903, by virtue of which conveyance he alleges that Harriet A.

Carpenter became owner of the entire premises, the conveyance by said Harriet A. Carpenter to defendant of an undivided half interest in said land.   He denies that complainant ever acquired any title to the land or any part of it.    Defendant Mary P. Hislop answered, setting up that in March, 1903, she purchased the property from the State of Michigan, and on the 23d of September received a tax deed from the auditor general, which she recorded in the succeeding February.    She asserts that immediately after purchasing the property, and on March 23, 1903, she served the statutory notice upon Harriet A. Carpenter, who was the person then in possession of the premises, claiming ownership, entered into negotiations with said Carpenter, and made an arrangement with her by which she surrendered possession of the property to Mrs. Hislop, but took charge of it for Mrs. Hislop and agreed to account to her for the rents of the property; that subsequently, to show the authority of Harriet A. Carpenter, a quitclaim deed was made of said property to said Harriet A. Carpenter; that, after the judgment in ejectment had been affirmed in the Supreme Court, the said Harriet A. Carpenter returned to Mary P. Hislop the deed she had received, which had never been recorded, and also executed and delivered to Mary P. Hislop a quitclaim deed conveying to her any and all interests she acquired under said deed.    She further alleges that she has been in the open, notorious, adverse possession of the property since September 23, 1903, under the tax title, and is still in undisputed possession of the property, and that the auditor general's deed of conveyance being a valid deed, and her possession having continued for five years and upwards, she owns the property.

The partition suit, the case at bar, proceeded to a hearing and decree.   It is found and adjudged that complainant owns an undivided half interest in the premises, and that a partition and division thereof ought to be made; that defendant Bruce owns the other undivided half interest in the premises, subject to the mortgage interest of the

defendant Stevenson; that neither defendant Carpenter nor defendant Hislop has any right, title, and interest in any of the premises.   Three persons are named in the decree to make the partition.   Mary P. Hislop has appealed from this decree, and she asserts, first, that the title to land is involved, for which reason she is entitled to have the issues which appear to be made on the face of the pleadings tried in a court of law in an action of ejectment, relying upon the familiar rule that legal titles to land cannot be litigated in equity where the defendant is in possession (*Dolph* v. *Norton*, 158 Mich. 417 [123 N. W. 13]), and, second, that titles to land cannot be litigated in partition proceedings.   *Warren* v. *Warren*, 151 Mich. 95 (114 N. W. 867).

It is also asserted in the brief that while the judgment of this court in *Loranger* v. *Carpenter*, *supra*, determined that the title to an undivided half interest in the land belonged to complainant, that title, and it appears to be claimed that the judgment, was subject to the tax deed which has been mentioned "which was then redeemable and of which all parties then had notice," that the court did not pass upon the validity of the tax deed in the ejectment suit.

Upon referring to the bill of exceptions in the case of *Loranger* v. *Carpenter*, it appears that Harriet A. Carpenter was sworn as a witness and testified, among other things, that she purchased the land from Mrs. Ross for the tax sale for 1899.   It also appears that the attorney for the plaintiff offered in evidence a tax deed, dated October 7, 1903, recorded February 13, 1904, in liber 513 of deeds at page 129, to Mary P. Ross.   Whether it was received in evidence does not appear.   It does not appear to have been marked as an exhibit.   It is not a part of the bill of exceptions.   Counsel for defendant Carpenter requested the court to charge the jury that the possession of the defendant under the tax deed for the taxes for the year 1899 was a defense to the action.   The court instructed the jury that it appeared that during the year

1899 taxes on the land were not paid, and that later they were bought from the State on the sale of the taxes for that year by Mary P. Ross, who by her attorney conveyed whatever rights she acquired to Mrs. Carpenter.

"This tax sale purported to convey to Mrs. Carpenter the title to these 13 acres."

In another portion of the charge it is said, upon the subject of adverse possession as between tenants in common, that notice of hostile occupancy of land by a cotenant must be brought home to the other cotenants, stating—

"That was just exactly what Mrs. Carpenter did when she recorded the tax deed for the taxes of 1899. She acquired that title in her own name, and it was notice to whoever had the record title at that time that her holding was adverse."

We conclude that the tax deed was in evidence; that it was offered for the purpose of showing title in defendant Harriet A. Carpenter to the whole premises; that such effect for it was denied, and that the judgment in the ejectment suit is *res judicata* the legal effect of said tax title upon the title of the plaintiff in that suit, who is the complainant in this suit; and that, therefore, there was nothing to forbid the court from decreeing in the case at bar a partition of the lands.

It was said in *Hoffman* v. *Beard*, 22 Mich. 59, relied upon by appellant, that:

" If the title, though of a legal character, be undisputed, or perhaps, though denied, if it appear to be so clear and incontestable as to admit of no reasonable doubt, and the court can see that a trial at law would be a mere formality, the bill will be maintained."

See, also, *Wallace* v. *Harris*, 32 Mich. 380; *Mertens* v. *Cook*, 135 Mich. 35 (97 N. W. 47); *Lucas* v. *King*, 10 N. J. Eq. 277.

Taking up the other contention of appellant and examining it, we are bound to reach the same conclusion. It is said that the question of the claim of title under the tax

deed was not raised and decided in the ejectment suit, and could not have been because it had not ripened into a title when that suit was begun. This contention is based upon the fact that, when the statutory notice was served upon Mrs. Carpenter, the period of redemption had not expired, and Mrs. Ross at that time had not yet received her deed from the auditor general. It is said that since the beginning of the ejectment suit the tax title has ripened into an absolute title. One answer to this contention is that it does not now appear that any statutory notice was ever served upon any one entitled to notice under the tax law, and that until such notice has been served and the lawful period for repurchase has elapsed the holder of the tax title can assert thereunder no right of possession or of title or interest in the land. Counsel for appellant, relying upon *Hayward* v. *O'Connor*, 145 Mich. 55 (108 N. W. 366), and like cases, says that it is too late for the complainant, who had notice of the sale of land for taxes at the time the ejectment suit was tried, to move to set aside the tax sale. The answer to this contention is that the complainant is not seeking to set aside the tax sale.

But we are not disposed to leave the question an open one. Either Mrs. Carpenter or the person from whom she obtained her title to an undivided one-half interest in the parcel of land in question was, as cotenant of the owner of the other undivided half interest, in duty bound to pay the taxes for the year 1899. Mrs. Carpenter did pay them when she obtained the conveyance of the tax title interest from appellant Ross. Mrs. Ross, it is plain, took nothing by the reconveyance by Mrs. Carpenter.

Upon any theory of the case, the decree of the court below was right, and is affirmed, with costs to complainant.

BIRD, BROOKE, BLAIR, and STONE, JJ., concurred.