21  513
75  639

◆◆◆

### MUNSON *against* WICKWIRE.

In an action for a vexatious suit, brought by *A* against *B* and *C*, *B* died, and on the trial between *A* and *C*, it appearing that the suit complained of was an action for moneys had and received, brought by *B* and *C* against *A*, to recover a sum of money claimed to have been collected by *A* for *B* and *C*, and not paid over to them, *A*, admitting the receipt of the money, claimed, that he had paid it over to *B*, in the absence of *C*.   To prove such payment, *A* offered evidence to prove, that *B* and *C* were partners, and that *B*, during the partnership, in a conversation with *A*, not in the presence or hearing of *C*, admitted, that he had received from *A* the money sought to be recovered in the former suit.   Held, that proof of such admission by *B*, was admissible in this action.

The ground on which the admissions or declarations of a partner are received against his copartner, is their unity of interest, at the time such admissions or declarations were made; and if that interest afterwards ceases to exist, it does not affect the competency of the evidence.

THIS was an action for a malicious and vexatious suit; brought originally against *Richard Wickwire* and *Ransom Wickwire*, but during the pendency of the suit, *Richard* died, and the suit was subsequently prosecuted against *Ransom* alone.

On the trial of the cause, at the term of the superior court in *August*, 1851, it was admitted, that the suit complained

*Litchfield,*
June, 1852.

Munson
*v.*
Wickwire.

of, was one in favour of *Richard* and *Ransom Wickwire* against *Munson*, the present plaintiff, and was brought to recover a sum of money, claimed to have been collected, by *Munson*, for said *Richard* and *Ransom*, in the spring of 1846; which money they claimed, that *Munson* had received to their use, and had not paid it over to them. *Munson*, on the other hand, not at first, but now, on the trial, admitting the receipt of the money, claimed, that he had paid it over to *Richard Wickwire*, immediately upon the receipt of it, in the absence of *Ransom*. And in order to prove such payment, the plaintiff offered evidence to prove, that *Richard* and *Ransom* lived together, transacted their business together, and were partners in their business, and joint owners of the farm on which they lived; and that the money so received by *Munson*, belonged jointly to them. And in connexion with such proof, the plaintiff offered evidence to shew, that in the year 1848, in a conversation between himself and *Richard*, but not in the presence of *Ransom*, *Richard* admitted that he had received from the plaintiff the money sought to be recovered in said suit, on the ground that it was the declaration of a partner or joint owner as aforesaid. To the admission of the last-mentioned evidence the defendant objected, on the ground that such declaration of *Richard* could not affect the defendant in this suit. The plaintiff claimed, that said admission ought to be received, first, to prove the fact of such payment, and secondly, in connexion with the other facts before stated, to shew the knowledge, by *Ransom*, of the receipt of the money by *Richard*. The court sustained the objection, and rejected the proof of such declaration; but the other facts were allowed to be proved.

The jury returned a verdict for the defendant; and the plaintiff moved for a new trial.

*J. H. Hubbard*, in support of the motion, contended, 1. That the declaration of *Richard Wickwire*, was evidence against the defendant, on the ground of their identity of interest, at the time the declaration was made. It conduced to prove payment of the debt, as against the defendant. 2 *Stark. Ev.* 403. *Rex* v *Hardwick*, 11 *East*, 589. *Colt* v. *Eves*, 12 *Conn. R.* 243. 256.

2. That the prosecution of the former suit, by *Ransom*

and *Richard Wickwire* jointly, they being partners, and having the same interest, was evidence of such a combination between them, or community of design, as raises a fair presumption that the knowledge of one was the knowledge of both ; and in all such cases, the admission of one wrong-doer who is not sued, is evidence against another who is sued. *Dolman* v. *Orchard* & al. 2 *Car. & Pa.* 104. (12 *E. C. L.* 47.)

*Litchfield*, June, 1852.

Munson *v.* Wickwire.

*Sanford* and *Peet*, contra, contended, 1. That the declaration of *Richard Wickwire* was properly rejected, it being made out of the hearing of the present defendant, and without his knowledge. *Sw. Ev.* 128. 1 *Sw. Dig.* 785, 6. (*Dut.* ed.) 1 *Greenl. Ev.* § 172. 174. The case stands on the same ground as to this question, as it would, if *Richard* had never been joined with the present defendant, and his death had not been suggested on the record ; this being such a cause of action as does not survive against a joint defendant.

2. That if the declaration in question was admissible, to prove the payment of the money to *Richard*, it could not affect the rights of the present defendant in this suit, unless such payment or declaration was brought home to the knowledge of the defendant. The gist of this action is the *malicious design* of the defendant in bringing the former suit. To prove the declaration of *Richard Wickwire*, and prove no more, is to prove nothing material to the issue.

STORRS, J. This being an action for a malicious suit, it was necessary for the plaintiff, in order to recover, to prove that the action brought against him, by the defendant and *Richard Wickwire*, was instituted, not only maliciously, but also without probable cause. That action was brought to recover of the present plaintiff the amount of certain moneys of the present defendant and the said *Richard*, which had been collected and received by said plaintiff for, and never paid over to them. On the trial of the present suit, the plaintiff, after having proved, as he claimed, that the defendant and the said *Richard* were partners, and that the moneys so collected and received for them, belonged to them jointly, offered to prove further, by the declarations of the said *Richard*, not made, however, in the presence of the de-

fendant, that he, the said *Richard*, had, during the partnership, and before the bringing of the suit against the present plaintiff, received of the latter the said moneys sought to be recovered in that suit. As such a payment to said *Richard* would in law be a payment to both of the plaintiffs in that suit, it was clearly competent for the plaintiff in this suit, (who was the defendant in that,) to prove that fact, because it was relevant for the purpose of shewing a want of probable cause for the bringing of that suit.

But the question, and the only one made before us, is, whether the declarations of said *Richard* were admissible for that purpose. The defendant insists, that these declarations were inadmissible, because they were not made in his presence or hearing. This objection proceeds on a misapprehension of the character of the declarations. If they had been made by a person not interested in the subject of them, and not in the hearing of the defendant, they would be obnoxious to the ordinary objection against mere hearsay. If, however, they were made in his hearing, whether by a person interested or not in the subject of them, an admission by him of their truth, might have been inferred from the circumstance that he did not oppose or contradict them. They would stand, in that case, on the same ground as declarations made by the defendant himself personally. The declarations here, however, are not claimed to be, nor were they, admissible, for the purpose of proving an admission of that description.

But the plaintiff claims, that, in consequence of the peculiar relation that existed between the defendant and said *Richard*, when the declarations were made by the latter, they are to be deemed in law to be the declarations of both of them, and therefore as much express admissions by the defendant, as if he had personally made them. Assuming, as we must, for the purpose of this question, that the plaintiff had proved, that the defendant and said *Richard* were partners, and therefore jointly interested in the claim for the moneys received by the plaintiff, we are clearly of opinion, that the declarations of said *Richard*, offered in evidence, constituted admissions not only by him, but, consequentially in law, by his co-partner, the defendant likewise, of the payment to them by the plaintiff, of those moneys. They were

made by one, whose interest in the subject to which they related was identical with that of the defendant,—against their interest,—respecting a transaction between them, during their co-partnership, and the plaintiff,—material and relevant in their character,—and which respected facts within the peculiar knowledge of the declarant. If *Richard* had not died since the bringing of this suit, but had continued to be, as he was originally, a co-defendant therein, his declarations on this subject would clearly have been admissible, against both himself and the present defendant. *Bound* v. *Lathrop*, 4 *Conn. R.* 336. *Coit* v. *Tracy*, 8 *Conn. R.* 275. 9 *Conn. R.* 1.

But we think, that the question of their admissibility is not varied, by the circumstance that he has thus ceased to be a party. The rule as to the admissions of partners is not confined to those who are parties to the suit. The declarations of one partner are not received against another, because he is a joint party in the suit, but on the ground of their unity of interest, which constitutes them, for this purpose, virtually one person. Therefore, the admission by one partner, may be received against another, though he be not served with process, or a *nolle prosequi* be entered against him. *Bryce* v. *Watson*, 3 *J. J. Marshall*, 498. 500. So, in an action by a creditor against some of a partnership firm, one of whom pleaded his certificate, and the plaintiff entered a *nolle prosequi*, the answer of this partner, to a bill filed against him, by other creditors, was received in evidence against the defendants, as an admission against those who were proved to be partners with him, and who were, therefore, as one person with him in interest. In *Wood* & al. v. *Braddick*, 1 *Taunt.* 104. it was held, that the admission of a partner, though not a party to the suit, as to a transaction which took place during the existence of the partnership, is evidence against another partner who is sued, as to joint contracts during the partnership, whether made after the determination of the partnership, or not. And this case has been approved by this court, in the cases which have been cited from our reports. (See also *Cowen's* notes, 175. 176. 177. 178. to 1 *Phillipp's Evid.* 92. 93.) Indeed, there is no diversity of decision on the question, whether the declaration of one partner is admissible in a suit against another,

although the former is not a party to the suit, whenever the admission is such that it would be admissible, if the suit were against both. There has been a question in the courts of some of the other states, whether the *English* rule, as established in *Wood* & al. v. *Braddick*, should not be so limited, that the admission of a partner, in order to affect his co-partner, should be made during the existence of the partnership. (*Cowen's* note, 176. to *Phill. Ev.* 93.) We have here, however, adopted the *English* rule, without that qualification ; and, moreover, no question has been made that the declarations, in the present case, were made before the partnership was terminated.

We would only add, that we have no doubt that in the suit brought by the present defendant and *Richard W.* against the present plaintiff, (which the latter here claims to have been malicious,) the declarations of *Richard W.* here offered would have been admissible to prove payment, by the defendant, to the plaintiffs in that suit, of the moneys received by the former ; and that if, after the death of *Richard,* the present defendant, as his survivor, had brought a suit for the recovery of those moneys, the same declarations would have been admissible for the same purpose ; and we discover no reason why, where the parties have only changed sides, the rule of evidence should not be the same.

We are, therefore, of opinion, that the declarations in question, should not have been excluded ; and that a new trial should be granted.

In this opinion the other judges concurred, except ELLS-WORTH, J., who was disqualified, by the statute of 1852, *c.* 24. § 4. *p.* 36.

New trial denied.