HENRIETTA CRANE V. JOHN CAMERON *et al.*
No. 14,241. (81 Pac. 480.)

HENRIETTA CRANE V. JOHN C. PENINGER *et al.*
No. 14,242. (81 Pac. 480.)

JOHN CAMERON *et al.* V. HENRIETTA CRANE.
No. 14,323. (81 Pac. 480.)

JOHN C. PENINGER *et al.* V. HENRIETTA CRANE.
No. 14,324. (81 Pac. 480.)

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed July 7, 1905. Reversed.

*Hackney & Lafferty,* for plaintiff in error.
*G. H. Buckman,* and *Grant Stafford,* for defendants in error.

*Per Curiam:* Plaintiff in error Crane began two actions in the district court of Cowley county, one against John Cameron and the other against John C. Peninger, to recover the possession of two separate tracts of land, and also the rental value of such lands. The facts involved in the two cases are the same, Cameron being defendant in one action and Peninger defendant in the other, and each occupying separate tracts of land. The causes were tried together upon the same evidence in the court below and are submitted together in this court.

The defendants separately filed general denials to the petitions. Subsequently they filed supplemental answers alleging that they were in possession of the real estate when the actions were commenced under separate contracts or leases from the owners of the legal titles, but that since the filing of the petitions their respective terms as tenants had expired, and they had surrendered the possession of the real estate and no longer claimed any right or interest therein; that they had complied with their contracts of tenancy and paid the rents to the holders of the legal titles.

The plaintiff recovered judgment for the possession of the property in each case, and also the full rental value thereof from the time the actions were commenced until final judgment, and an order of ouster in one case against Cameron and in the other against Peninger. At the time of the rendition of

the judgments the plaintiff in the case of Crane against Cameron asked for an order of ouster against P. H. Albright & Co., Stafford & Albright, and W. L. Linke, and in the case of Crane against Peninger she asked for a like order against P. H. Albright, Stafford & Albright, and H. R. Knox, and against all persons holding under either of the persons named. It appears that W. L. Linke was the holder of the legal title to the land in controversy in the case of Crane against Cameron, and that R. H. Knox was the holder of the legal title to the land in controversy in Crane against Peninger. The court refused to grant the application of plaintiff for an order of ouster except as to the defendants in the action. Such refusal is the only error alleged by the plaintiff in error.

Stafford & Albright were the agents of the holders of the legal titles to the land, and when the actions were commenced the defendants called upon these parties, as the agents of the holders of the legal titles, for information or assistance in the litigation.

The application for the order of ouster against the holders of the legal titles, although they were not parties of record, was based upon the claimed fact that they were the actual parties in whose interest, and under whose direction, the defenses in these actions were conducted, and, therefore, were bound by the findings and judgments of the court. The evidence shows that the owners of the legal titles were parties in fact to the litigation, and that they made the only defense. Mr. Stafford, as the agent of the holders of the legal titles, employed Judge Buckman to defend for them. The holders of the legal titles thus having voluntarily submitted themselves to the court, and having litigated the questions to a final determination, are bound by the judgment of the court. Therefore the plaintiff was entitled to a writ of ouster against them as the holders of the legal titles, and against all persons in possession of the land claiming under them.

The defendants in the two cases, Cameron and Peninger, prosecute separate proceedings in error to reverse the separate judgments rendered against them for the rental value of the lands in question after they had vacated, and after they had filed their supplemental answers disclaiming any interest therein. These separate petitions in error will be treated as cross-petitions in the original cases.

It would be difficult to give a reason why these defendants should have been held for the rental value of the lands in controversy for two years after they had surrendered possession, and after they had answered that they were no longer in possesson and disclaimed any interest or right to the possession thereof. It is true the defendants could not have been dismissed from the litigation upon the filing of such answers, because there was still an unsettled question. The plaintiff sought to recover the rental value of the land from each of the defend-

56—71 KAN.

ants while they were in possession, and the supplemental answers did not admit liability, but, instead, alleged that each had paid under his contract the rent for that period of time to the holder of the legal title.

The judgment of the court is reversed, and the causes remanded for further proceedings in accordance with this opinion.

---

OPINION ON MOTIONS TO RETAX COSTS AND TO ORDER JUDGMENT REFORMED.

Motion to retax costs granted.

Motion for an order requiring the district court to reform its judgment to correspond with the opinion of this court denied.

*Per Curiam:* The proceedings instituted by Crane were separate actions against the respective defendants in ejectment and for rents. While the actions were pending, and about one year after their commencement, the defendant in each case filed a disclaimer. The causes were continued for about one year after the disclaimer before judgment was entered. Judgment was rendered in each case for the plaintiff in ejectment, and for the rents of the premises during the whole period. In Crane against Cameron the judgment for rent was $150; in Crane against Peninger the judgment for rent was $225. According to the opinion of this court, it was error for the court to render judgment against either of the defendants for rent after they had abandoned the premises and filed their disclaimer.

It appears that the defendant in each case was actually chargeable with only about one-half of the amount of rent for which judgment was rendered. The plaintiff in error now applies to this court for an order directing the trial court to enter its judgment so that in Crane against Cameron the judgment shall be for $75 instead of $150, and in Crane against Peninger the judgment shall be $115 instead of $225. This would appear to be just, but this court has no jurisdiction in any case to order a judgment for a particular amount, except where the facts are found by the court or jury, or where they are agreed upon by the parties. Application should have been made to the court that rendered the judgment and that had jurisdiction to change it, and where, no doubt, such application would have been received with favor. The applicant asks for other relief which is beyond the jurisdiction of the court to grant.

After the record and petition in error had been filed in this court in the two cases, the defendants in error also filed records and petitions in error in the same cases, asking this court to review certain trial errors. The records in all the cases are identical, and all the relief to which the plaintiffs in error in the last two cases are entitled could have been awarded in case cross-petitions in error had been filed in the first two cases. The plaintiff in error in the first two cases now asks this court to tax all of the costs of the last two proceedings in error to the

plaintiffs in error therein, and that the costs in the cases of Crane against Cameron and Crane against Peninger be equally divided between the parties.

The practice of plaintiff and defendant instituting separate proceedings in error in the same case has been disapproved by this court in *Scully v. Smith,* 66 Kan. 265, and in that case the second petition in error was dismissed on the ground that the plaintiff in error could have obtained all relief by a cross-petition in the original case. It is therefore ordered that all the costs of the proceedings in the cases of Cameron against Crane and Peninger against Crane in this court be taxed to the plaintiffs in error in those cases. Since, if the plaintiffs in error in those cases had filed their cross-petitions in the cases of Crane against Cameron and Crane against Peninger, they would have been granted some relief, it is ordered that the costs of the two latter cases in this court be equally divided.