WILLIAM P. THOMAS, ADMINISTRATOR, ET ALS. *vs.*
JOHN H. YOUNG.

Third Judicial District, New Haven, January Term, 1907.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In a suit to recover the possession of land, brought by an adminis-
trator and the widow and heirs at law of the intestate, the only
cause of action alleged was a wrongful disseisin of the adminis-
trator while lawfully in possession pending the settlement of the
estate. *Held:*—

1. That inasmuch as it was found that the administrator could not
have been in possession of the demanded premises at the time
of the alleged disseisin, the action could be maintained only on
the ground of his statutory right to possession, which in turn
must rest upon the existence of a title in his intestate at the time
of the latter's decease; and that such a title having been alleged
by the plaintiffs, it was open to the defendant to deny and dis-
prove it.

2. That an acceptance by the defendant of leases of the demanded
premises from the widow and heirs alone, did not estop him from
denying and disproving the administrator's right of possession.

3. That such leases were, however, admissible in evidence, as tending
to show that the possession of the defendant thereafter was under
the lessors and not in his own right.

A ruling upon a demurrer in a suit which is afterward withdrawn is
not such a final judgment as is essential to create an estoppel by
record.

As against one who has gone into possession as a tenant for years under
an indenture, the estoppel against denying the lessor's title raised
by the lease does not expire with the term of the lease.

The cases of *Merwin* v. *Camp*, 3 Conn. 35, and *Camp* v. *Camp*, 5 Conn.
291, distinguished.

Argued January 22d—decided March 5th, 1907.

ACTION for the possession of land in Milford, and for
damages, brought to the Court of Common Pleas in New
Haven County and tried to the court, *Bennett, J.;* facts
found and judgment rendered for plaintiffs. *Error and
cause remanded.*

*William B. Stoddard* and *George E. Hall,* for the appel-
lant (defendant).

*Stiles Judson* and *Edward A. Harriman*, for the appellees (plaintiffs).

BALDWIN, C. J. Thomas, one of the plaintiffs, sues as administrator of the estate of George T. Smith, deceased. The others are named in the writ simply as individuals. Their complaint states this case : Thomas, as administrator, on April 1st, 1904, was in the lawful possession of the land in question, and still is entitled to such possession during the administration of the estate of his intestate. This estate is still in process of settlement. Of the other plaintiffs, one is the widow of George T. Smith, and the others are his heirs at law, and on April 1st, 1904, they were and now are owners of the land, subject to the possessory right of the administrator. On April 1st, 1904, the defendant wrongfully dispossessed Thomas as administrator, and still keeps him out of possession, depriving him of the profits, which amount to $150 a year.

On an answer denying some of these averments and putting the plaintiffs on proof of the rest, the following facts were found by the court :—

The allegations that Thomas is administrator of the estate of George T. Smith ; that this estate is unsettled ; and that the other plaintiffs are respectively the widow and heirs of Smith, are true. The land in question is a small beach lot on Milford Point. This point runs out for three quarters of a mile into Long Island Sound. Smith, who owned and occupied a homestead on the point, died in February, 1894. In September, 1894, Thomas, as administrator, surrendered to the other plaintiffs the possession of all the real estate left by the intestate, and they have since remained in possession. In 1888 the defendant put up a cottage on the lot in suit, having then no title to the land, and has ever since been in possession. In 1898 he signed and accepted an indenture of lease by which the widow and heirs of George T. Smith, describing themselves as such, demised the lot to him for three years from March 1st, 1898, for an annual rent of $1, with the privilege of re-

newal on the same terms for a further period of three years. In 1901, while in possession under the lease, he signed and accepted from the same persons a lease of the same lot at the same rent, for three years from March 1st, 1901. In this indenture they were not described as the widow and heirs of Smith. It contained an agreement on the defendant's part to deliver up the premises at the end of the term in as good condition as they then were in. The defendant never has surrendered possession, but has expressly refused to make such surrender to the plaintiffs.

From these facts the conclusion was drawn that he was estopped from denying their title, and that they could recover by force of such estoppel. Evidence that in fact George T. Smith had no title to the lot, and that none of the plaintiffs had any, was offered and excluded.

The only cause of action stated in the complaint is a wrongful dispossession of Thomas, while lawfully in possession, as administrator of the estate of George T. Smith, in whose widow and heirs at law the title was then vested. While it is not expressly alleged that George T. Smith owned the premises at the time of his death, this is obviously implied in the averments as to the title of his widow and heirs, subject to the possessory rights of the administrator. There is no suggestion of any other source of title.

The right of the administrator to possession, therefore, depended on the existence of title in his intestate, and the burden of proving such a title was on the plaintiffs, unless they were relieved from it by the execution and acceptance of the leases.

To these leases Thomas was no party. The first of them ran out in 1901, and was replaced by the second, in which the lessors were not described as bearing any relation to or deriving any title from George T. Smith.

The trial court allowed the plaintiffs to introduce evidence of title in themselves to the demanded premises, both by deed and adverse possession, but excluded evidence offered by the defendant to disprove it.

It is clear that so far as concerns Thomas, as administrator, no lease to which he was not a party could found an estoppel against denying and disproving his right of possession. But all the plaintiffs relied equally on the defendant's violation of that right and dispossession of Thomas, as the sole ground of recovery. There was no averment that those other than the administrator had any possession or right to possession, so long as the estate of George T. Smith remained unsettled.

Unless, then, Thomas as administrator had been wrongfully dispossessed, the plaintiffs had no cause of action. The finding is that the widow and heirs, since September, 1894, that is, during a period long preceding the date of the first lease, have been in possession of all the real estate left by George T. Smith; and that ever since 1888—a date preceding the death of the latter—the defendant has been in possession of the demanded premises. It follows that Thomas, as administrator, on April 1st, 1904, could not have been in possession of them, and that the plaintiffs, to maintain their action, must depend on his statutory right to possession, which in turn could only exist by reason of a title in George T. Smith at the time of his decease. *Cahill* v. *Cahill*, 75 Conn. 522, 526, 54 Atl. 201.

Both the title of the plaintiffs other than the administrator, and that of George T. Smith, as the foundation of the administrator's right of action, were therefore necessarily material points in issue, and it was error to exclude evidence that there was none either in George T. Smith or in the plaintiffs.

There was no error in admitting either of the leases in evidence. Five of the plaintiffs were parties to both; to the first in the capacity of representatives of George T. Smith, and to the second in their individual capacities. Each tended to show that the possession of the defendant after March 1st, 1898, was under the lessors and not in his own right.

The defendant introduced evidence to show that his execution and acceptance of the first lease was obtained by

the fraud of the plaintiffs, and in connection with this laid in a copy of the record in a prior action of summary process, brought against him by Thomas, as administrator, and the other plaintiffs as respectively the widow and heirs of George T. Smith. The premises which were the subject of that action were the lot now in question, and the lease which was set up was the first of those above described. To that action the defendant had pleaded that the execution and acceptance by him of the lease was obtained by the fraud of the plaintiffs. A demurrer by them to his allegations of fraud having been overruled, they filed a replication which traversed them, soon after which this suit was withdrawn, before the present action was instituted.

The defendant contended that this record estopped the plaintiffs from denying his charge of fraud in respect to the first lease.

The only ground for such a claim is that the plaintiffs admitted it by their demurrer. Their subsequent traverse, filed by statutory right, put the facts as to their fraud in issue, and no final judgment having ever been pronounced upon them, there is nothing on which to found any estoppel by record. *Martin* v. *Sherwood*, 74 Conn. 202, 50 Atl. 564.

The defendant's claim that no judgment for the plaintiffs could be rendered unless it were found that they had title to the demanded premises, was overruled, on the ground that he was estopped from denying that they had title. This ruling would have been correct, had such an estoppel been made out against all. The action being one for the possession of land could only be supported by proof of title. *Cahill* v. *Cahill*, 75 Conn. 522, 54 Atl. 201. But, as has been seen, the position that all the plaintiffs were affected by the estoppel claimed was untenable.

The Court of Common Pleas properly ruled that, as against a tenant in possession under a lease by indenture, the estoppel against denying the lessor's title raised by the lease did not expire with the term of the lease. The duty of a lessee to surrender possession, if not performed at the time when

VOL. LXXIX—32

the term expires, remains a continuing obligation, and he cannot excuse himself from fulfilling it by the mere circumstance of paramount title in himself existing prior to the execution of the indenture. The position supported by the authority of Co. Litt., 47, b, that "if a man take a lease for years of his own land by deed indented, the estoppel doth not continue after the term ended," is apparently countenanced without qualification by CHIEF JUSTICE HOSMER in two of our early decisions; but these were both concerned with a lease for life; and as to leases for years, at least, the second of them states the true doctrine, namely, that " the person once a tenant, so long as he remains in the occupation of the land demised, must be deemed to continue in that character, unless he has surrendered the possession to his landlord; or has solemnly renounced the tenancy, and commenced a fresh holding; or until he shows an actual disseisin or disclaimer on his part." *Merwin* v. *Camp*, 3 Conn. 35, 42; *Camp* v. *Camp*, 5 id. 291, 301, 304.

There is error, the judgment is set aside and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.