BRIDGEPORT HYDRAULIC COMPANY *v.* MARION T. PEARSON

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 10—decided July 29, 1952

*Marion T. Pearson,* pro se, the appellant (defendant).

*Arthur C. Williams,* with whom, on the brief, was *Philo C. Calhoun,* for the appellee (plaintiff).

INGLIS, J.  The judgment from which this appeal was taken enjoined the defendant from further

litigating the matters which had been in controversy between the parties for many years. The ultimate question is whether the court erred in concluding that the plaintiff was entitled to that relief.

Inasmuch as the defendant has not brought up the evidence, her attacks upon the finding of subordinate facts are futile. The material subordinate facts found are the following: The plaintiff is a corporation supplying water to the public. It has the right, under the power of eminent domain, to take the property it deems necessary for its purposes. The defendant claims an interest in two separate pieces of real estate in the town of Weston, one known as the forge property and the other as the schoolhouse property. The litigation between the parties started on January 26, 1938. At that time, the defendant and her husband, Walter, were the owners of record of the forge property. The plaintiff instituted an action against them in which it sought to condemn that property for use in the construction of a reservoir. The action was docketed in the Superior Court in Fairfield County as No. 55050 and will hereinafter be referred to by that number. A committee was duly appointed and their report assessing damages of $1750 was accepted by the court on May 23, 1939. Mrs. Pearson, the present defendant, moved to set aside the judgment accepting the report and from a denial of that motion she took an appeal. The appeal, however, was abated, and on November 29, 1939, an execution for peaceable possession was issued. On the same day Mrs. Pearson moved for a stay of that execution, but the motion was denied. In her motion she alleged, among other reasons, that the legislative act authorizing the plaintiff to condemn property was unconstitutional and that the construction of the reservoir was not feasible be-

cause it involved damming the Saugatuck River, a navigable stream, and the plaintiff had not sought or received permission from federal authorities. The execution was served December 8, 1939, and the Pearsons' personal property was removed from the premises by the sheriff. After several subsequent attempts to reopen the matter, Mrs. Pearson finally, on February 4, 1948, accepted the $1750 awarded to her.

On February 17, 1938, the plaintiff instituted a proceeding to condemn the schoolhouse property. In this action, which was docketed in the Superior Court in Fairfield County as No. 55266, the defendants named and served were the "widow, heirs, representatives and creditors of Bradley Hull, late of [the] Town of Weston, deceased," the widow, widower, heirs, representatives and creditors of Arthur M. Thorp and Eliza Sherwood, respectively, School District No. 8, Town of Easton, and the Forge District, Town of Weston. Mrs. Pearson was not joined as a defendant when the action was instituted, because the land records disclosed no interest in the property in her. She never was formally made a party. On March 4, 1938, and again on March 10, 1938, however, she made a special appearance in court to assert her claims to an interest in the property and to oppose the taking. She also, on March 25, filed an objection to further proceedings until she should be served as a party.

The committee to assess damages which had been duly appointed by the court held their hearing on March 25. Of this Mrs. Pearson had formal notice, but she did not appear. In their report the committee stated that they found that the record title to the property stood in the name of the two school districts but that the property had been abandoned

and not used for school purposes for more than twenty years. They also reported that neither Mrs. Pearson nor anyone else had offered any evidence of a claimed interest in the property. They added, however, that someone whose name was unknown to the committee had, during recent months, partially roofed over the old schoolhouse. The committee assessed damages in favor of the two school districts and found that no other person named in the application "or named or described in the order of notice of this Committee" would sustain any damage by reason of the taking. The quoted phrase obviously referred to Mrs. Pearson. The committee's report was accepted by the court on April 14, 1938. On October 6 the court ordered that execution be issued to put the plaintiff in peaceable possession of the property. On October 8 the sheriff made return on the execution that he had given to the plaintiff "the quiet seizin and possession" of the premises by "putting out the miscellaneous furniture, etc. belonging to Mrs. Mary [sic] Pearson."

On December 13, 1938, Mrs. Pearson filed in case No. 55266 her motion to set aside the order for execution. In this motion she alleged that she had been in possession of the property in question since June, 1937; that this fact was well known to the plaintiff; that she had received notice of the committee hearing and had objected by telegram to the court to all action to which she had not been made a party; and that the order for execution had been obtained without notice to her. The motion was denied. No appeal was taken either from the judgment ordering the issuance of the execution or from the denial of the motion to set aside the execution.

On March 3, 1941, Mrs. Pearson instituted a suit against the plaintiff which is docketed in the

Superior Court in Fairfield County as No. 62118. In this action, by amendments of the complaint filed June 10, 1941, and November 28, 1941, she alleged that the proceedings in both No. 55050 and No. 55266, as well as those in *Bridgeport Hydraulic Co.* v. *Rempsen,* Superior Court, Fairfield County, No. 54890, and *Bridgeport Hydraulic Co.* v. *Weston,* Superior Court, Fairfield County, No. 55293, cases which will be mentioned later in this opinion, were all invalid and that all of her interests in the properties involved in those actions had been appropriated by the company without right. A demurrer to this complaint as amended on the ground that all of her claims had been adjudicated was sustained on December 24, 1941. After several fruitless attempts on her part to amend her complaint again and after the case had been stricken from the docket in 1944 and 1945 and each time restored, it was finally stricken upon the annual call of the docket in 1946 and a motion to restore was denied. Mrs. Pearson attempted to appeal from the denial of her motion to restore, but that appeal was abated on November 26, 1946.

On April 24, 1947, Mrs. Pearson started another action against the plaintiff. This action was docketed in the Superior Court in Fairfield County as No. 75284 and is still pending. In her amended complaint she alleged that she had an interest in the schoolhouse property involved in case No. 55266 by reason of the fact that she was a resident and taxpayer of the Forge School District; that commencing in 1937 she was in possession of the property by virtue of agreements with other residents and taxpayers of the school district, with the school board of Weston and with Clinton Hull, an heir of Bradley Hull, and that the present plaintiff on October 8, 1938, unlaw-

fully seized the property and removed her possessions to the highway. She prayed for the ejectment of the plaintiff from the property and for damages.

Mrs. Pearson has participated in two other cases brought by the plaintiff to condemn property for the reservoir. In the first of these, *Bridgeport Hydraulic Co.* v. *Rempsen,* No. 54890,[1] she was not a party but filed her appearance pro se. It is not found that she took any active part in the proceedings. She was made a party defendant in *Bridgeport Hydraulic Co.* v. *Weston,* No. 55293, and entered her appearance. In this suit the plaintiff took by eminent domain for the reservoir certain public roads.

Mrs. Pearson threatens and intends to prosecute case No. 75284 and to institute and prosecute other and further proceedings against the plaintiff based upon claims with respect to the properties taken by it in cases No. 55050 and No. 55266 and disputing the validity of the proceedings in those cases.

From the foregoing facts the court concluded that the claims of Mrs. Pearson as set forth in the complaint in case No. 75284 with respect to the schoolhouse property and her claims with respect to all other rights, titles and interests claimed by her in the other actions referred to above have already been fully and finally adjudicated; that the proceedings had by her in cases Nos. 62118 and 75284, as well as those had by her after judgment in cases Nos. 55050 and 55266, were without probable cause and were actuated by a malicious purpose on her part to harass and vex the plaintiff; and that, therefore, judgment should enter as on file. That judgment enjoined Mrs. Pearson from further prosecuting case No. 75284 and from instituting or prosecut-

---

[1] The opinion in an appeal in this case appears in 124 Conn. 437.

ing in any court any further actions against the plaintiff based upon any claim with respect to the properties taken by the plaintiff in cases Nos. 55050 and 55266, or upon any claim for money damages or other relief in connection with either of those takings, or upon any claim that the judgments in either of those actions or any process therein was invalid or defective, or upon any act of the plaintiff pursuant to such judgments. In short, the judgment was predicated both on the ground that all of the claims which Mrs. Pearson was threatening to make had been adjudicated against her and on the ground that the litigation threatened by her was vexatious.

The second ground upon which the judgment rested may be dismissed briefly. It is well settled that equity may enjoin vexatious litigation. *Miller* v. *Ellis,* 232 Iowa 558, 561, 5 N.W.2d 828; *Steinberg* v. *McKay,* 295 Mass. 139, 143, 3 N.E.2d 23; *Odom* v. *Langston,* 356 Mo. 1140, 1148, 205 S.W.2d 518; *Newark Ledger Co.* v. *Russell,* 136 N. J. Eq. 406, 418, 42 A.2d 289; *Renfro* v. *Johnson,* 142 Tex. 251, 256, 177 S.W.2d 600. This power of equity exists independently of its power to prevent a multiplicity of actions. It is based on the fact that it is inequitable for a litigant to harass an opponent, not for the attainment of justice, but out of malice. 28 Am. Jur. 249, § 52. To be vexatious, litigation must be prosecuted not only without probable cause but also with malice. *Calvo* v. *Bartolotta,* 112 Conn. 396, 397, 152 A. 311; *Munson* v. *Wickwire,* 21 Conn. 513, 515. In the present case, the trial court concluded both that there was a lack of probable cause for Mrs. Pearson's threatened litigation and that she was motivated in it by malice. These conclusions, however, are attacked by her, and nothing appears in the subordinate facts found to support the conclusion

as to malice. True, it is found that Mrs. Pearson has instituted two actions against the plaintiff on substantially the same cause of action. The second was started, however, only after the first had been stricken from the docket without adjudicating the merits of Mrs. Pearson's claims. It is true also that she took many steps, after judgments had been rendered in cases Nos. 55050 and 55266, to avoid the effects of those judgments. The sum total of this conduct fails, however, to warrant a conclusion that the litigation which she is now threatening is prompted by a desire to harass and vex the plaintiff arising out of malice. It indicates nothing more than an attempt on the part of a layman not represented or advised by a lawyer to procure what she believes is justice. Outside of Mrs. Pearson's activities in the litigation itself, there is nothing in her conduct such as threats or vilification which would justify an inference of the existence of malice. The finding must be corrected by striking out the conclusion that the litigation enjoined was the result of malice. Without that conclusion, there is nothing to support the injunction so far as it was based on the theory of vexatious litigation.

The question whether the judgment was warranted on the theory that all the claims now being made by Mrs. Pearson had been previously litigated is another matter. "The doctrine of *res adjudicata* is one of rest, and is enforced on the ground of public policy." *Brady* v. *Anderson,* 110 Conn. 432, 435, 148 A. 365. To prevent a multiplicity of actions, equity will enjoin further litigation of a cause of action which has already been adjudicated. *Wehrhane* v. *Peyton,* 134 Conn. 486, 494, 58 A.2d 698; *Wellborn* v. *Wellborn,* 67 Cal. App. 2d 540, 545, 155 P.2d 95; *Moore* v. *Harkins,* 179 N.C. 167, 170,

101 S.E. 564. A final judgment on the merits is conclusive on the parties to an action and their privies as to the cause of action involved. If the same cause of action is again sued upon, the judgment is conclusive with respect to any claims relating to the cause of action which were actually made or might have been made. *Lehrman* v. *Prague,* 115 Conn. 484, 490, 162 A. 15; *Scott* v. *Scott,* 83 Conn. 634, 638, 78 A. 314. The question, therefore, is whether the causes of action with reference to the forge property and the schoolhouse property which Mrs. Pearson is now threatening to sue upon have been adjudicated in any of the previous litigation between the parties. If those causes of action have been adjudicated, Mrs. Pearson is now precluded from again suing upon them, whether any relevant claims with reference to them were actually passed upon or not.

Case No. 62118, which was terminated by being stricken from the docket, may at once be eliminated from consideration. An order striking a case from the docket for failure to prosecute is a final judgment in that case. *Meyers* v. *C.I.T. Corporation,* 132 Conn. 284, 288, 43 A.2d 742; *Glazer* v. *Rosoff,* 120 Conn. 122, 179 A. 407; *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 31, 78 A. 587. It is not, however, a judgment on the merits. It does not conclude the parties as to the cause of action involved in the case, because it is not a final determination of the substantive rights of the parties. *Galvin* v. *Birch,* 98 Conn. 228, 230, 118 A. 826; see *DiBiase* v. *Garnsey,* 104 Conn. 447, 451, 133 A. 669; *Cook* v. *Morris,* 66 Conn. 196, 209, 33 A. 994; Restatement, Judgments § 49. Nor is a ruling sustaining a demurrer a final judgment which binds the parties. *Thomas* v. *Young,* 79 Conn. 493, 497, 65 A. 955; *Martin* v. *Sherwood,* 74 Conn. 202, 203, 50 A. 564. It follows that Mrs.

Pearson's claimed causes of action were not adjudicated in case No. 62118.

To determine whether the causes of action which Mrs. Pearson is now threatening to sue upon have already been adjudicated, it is necessary to determine just what those causes of action are. A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. *Veits* v. *Hartford*, 134 Conn. 428, 434, 58 A.2d 389. Even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action. The question, therefore, is what is the group of facts upon which Mrs. Pearson claims she is entitled to relief.

As regards the forge property, the only cause of action which Mrs. Pearson can claim to have is that she is one of the owners of that property and that the plaintiff has taken possession without any right. This is the same cause of action which was litigated in case No. 55050, the proceeding in which the plaintiff condemned the property. There Mrs. Pearson's ground of defense was her present claimed cause of action, namely, that she was an owner of the property and that the plaintiff had no right to take it. It was adjudicated that upon the payment of $1750 as compensation the plaintiff was entitled to take possession. This adjudication was conclusive upon Mrs. Pearson both as to the right of the plaintiff to take the property and as to any claim of unconstitutionality of the legislation or any other consideration which would have prevented the taking, whether such claim was actually made or not. *Branch* v. *Lewerenz*, 75 Conn. 319, 324, 53 A. 658; *Antman* v. *Connecticut Light & Power Co.*, 117 Conn. 230, 236, 167 A. 715.

Mrs. Pearson's cause of action concerning the schoolhouse property is made up of the following facts, as evidenced by the amended complaint in case No. 75284. She claims that she was in possession of the property and that she was wrongfully evicted therefrom by the plaintiff. This is exactly the same set of facts as that upon which she relied in her motion to revoke the execution in case No. 55266. At that time she was relying on the same claimed right of possession and the same acts of the plaintiff in evicting her as she is now. The cause of action which she is now asserting is, therefore, the same as that upon which she relied in pressing her motion. *Pavelka* v. *St. Albert Society,* 82 Conn. 146, 147, 72 A. 725; *Wildman* v. *Wildman,* 70 Conn. 700, 709, 41 A. 1. It is true that there she relied upon those facts to accomplish a restitution of the possession of the property to her and now she relies upon them both for that purpose and as the basis of a claim for damages for wrongful ejectment. That the remedies sought are somewhat different does not alter the fact that the cause of action is the same. See *State ex rel. Campo* v. *Osborn,* 126 Conn. 214, 217, 10 A.2d 687; *Ruocco* v. *Logiocco,* 104 Conn. 585, 593, 134 A. 73.

It is elementary that a cause of action is res adjudicata only as to the parties to the litigation in which it was adjudicated and their privies. *Fox* v. *Schaeffer,* 131 Conn. 439, 448, 41 A.2d 46. Mrs. Pearson was never made a formal party in case No. 55266, nor was she privy to any of the parties named therein. It is not essential in the application of the doctrine of res adjudicata, however, that a party to be bound by the former adjudication should have been a formal party thereto or privy to a formal party. It is sufficient if he, having an interest

in the subject matter, participated openly and actively in so much of the former litigation as led to the judgment adjudicating the cause of action in question. *Davis* v. *Hemming,* 101 Conn. 713, 728, 127 A. 514; *Ruocco* v. *Logiocco,* supra, 594; *Souffront* v. *Compagnie Des Sucreries,* 217 U. S. 475, 486, 30 S. Ct. 608, 54 L. Ed. 846; *New Orleans* v. *Gaines's Administrator,* 138 U. S. 595, 607, 11 S. Ct. 428, 34 L. Ed. 1102; *Greenwich Ins. Co.* v. *N. & M. Friedman Co.,* 142 F. 944, 949; *McClellan* v. *Hurd,* 21 Colo. 197, 200, 40 P. 445; *Crane* v. *Cameron,* 71 Kan. 880, 881, 81 P. 480; *Shreveport* v. *Kansas City, S. & G. Ry. Co.,* 184 La. 473, 482, 166 So. 471; *Stephenson* v. *New Orleans & N. E. R. Co.,* 180 Miss. 147, 168, 177 So. 509; *Carpenter* v. *Carpenter,* 136 Mich. 362, 366, 99 N.W. 395; 1 Freeman, Judgments (5th Ed.) p. 939, § 432; Restatement, Judgments § 84; 30 Am. Jur. 960, § 227. In accordance with this principle, it has been held that, where a person who is not a formal party but who has an interest in the subject matter of a motion made in an action actively participates in the hearing on the motion, both he and his adversary are concluded by the decision thereon. *Lane* v. *Rushmore,* 123 N. J. Eq. 531, 539, 198 A. 872, aff'd, 125 N. J. Eq. 310, 314, 4 A.2d 55.

In case No. 55266, Mrs. Pearson first appeared to protest the proceedings. As stated in her brief, she cross-examined the plaintiff's witness. She subsequently presented to the court her motion for a revocation of the execution and actively pressed that motion to a decision. It follows that she is as much bound by that decision as she would be if she had been made a formal party in the case. The so-called order for execution was in reality the final judgment in the case, because it constituted the first and only adjudication that the plaintiff was entitled to

go into possession of the property. See General Statutes § 7190. Since the motion was made during the same term of court as that at which the judgment ordering the issuance of the execution was rendered, the court still had jurisdiction of the matter. See *Ferguson* v. *Sabo,* 115 Conn. 619, 621, 162 A. 844. By filing the motion, Mrs. Pearson submitted to the court the issue whether she had any right to possession of the property which had been violated by the company. The decision on the motion was a final judgment, since it concluded whatever right she had to regain possession of the property at that time. See *Varanelli* v. *Luddy,* 130 Conn. 74, 80, 32 A.2d 61. It adjudicated both that she had no right to possession of the property and that, if she ever had had such a right, she had lost it by her failure to assert it in the condemnation proceeding after she received notice of the pendency of it. The result is that any cause of action based on the fact that the plaintiff deprived her of possession of the schoolhouse property which she may now claim to have was adjudicated against her upon her motion for revocation of the execution in case No. 55266. That adjudication is conclusive as to any claims with reference to the cause of action which were then made or might have been made. It was a proper exercise of equity jurisdiction to enjoin her from further litigating that cause of action.

There is no error.

In this opinion BROWN, C. J., JENNINGS and BALDWIN, Js., concurred.

O'SULLIVAN, J. (dissenting). I am in accord with the holding of the majority that Mrs. Pearson's interest in the forge property has been determined. She was named and served as a party defendant in

action No. 55050. Not only was judgment in that case entered on the report of the committee designated to assess damages for the condemnation of her property but she actually accepted the $1750 which the judgment awarded to her for the taking. Obviously, she has no standing with respect to that tract.

The situation affecting the so-called schoolhouse property, however, is a horse of another color. My colleagues take the view that her interest in that tract was adjudicated in an action docketed as No. 55266. The history of events, as it relates to that suit, is this: The water company, proceeding under its right to exercise the power of eminent domain, instituted action No. 55266 to complete the condemnation of the schoolhouse property. Although not named as a party defendant or served with process, Mrs. Pearson learned of the action and, since it involved a tract of land in which she claimed an interest, filed a special appearance. Shortly thereafter she attended a hearing had by the Superior Court and acted as her own counsel. Upon cross-examination of the president of the water company, she elicited from him the fact that he had been fully aware, before the institution of suit, of her being in possession of the property in question. After this disclosure was made, the court addressed the following statement to Mrs. Pearson: "You are not a party to this record and are not bound by anything that happens here—consequently, if you have a right to possession and you haven't been summoned in here, so that your rights can be taken care of, you are no more bound by what happens here today than if you hadn't been within five thousand miles." This was indeed strong assurance of her status and, considering its source, a layman

like Mrs. Pearson was warranted, it seems to me, in assuming that, unless she was a party defendant, she need not participate further in the proceedings. Accordingly, she did nothing until the water company, still stubbornly refusing to cite her in as a party, had obtained an order for peaceable possession and, upon the issuance of an execution directed to that end, had removed her furniture and other personal property from the building standing on the tract. When this occurred, she filed a motion in the Superior Court requesting the revocation of the above-mentioned order. The court, acting through a different judge from the one who had given to her the unequivocal assurance of the security of her position as a nonparty, denied the motion without indicating any reason for so doing. This left her in a most unusual situation. Even on the violent assumption that she had the same right to appeal that a party to the action would have had, there clearly would be no right to appeal from such a ruling as the denial of a motion to revoke an order for peaceable possession. *Quinlan* v. *City National Bank,* 105 Conn. 424, 429, 135 A. 435. The judgment from which an appeal is allowed must be a judgment upon some issue in the case. *Norton* v. *Petrie,* 59 Conn. 200, 202, 20 A. 199. The denial of Mrs. Pearson's motion did not involve any issue in the case.

In the face of the foregoing, the majority make use of this denial to support their holding of res adjudicata and to justify the issuance of a restraining order, enjoining Mrs. Pearson from proceeding further with an action previously commenced by her to establish her interest in the schoolhouse tract. It is from this part of the opinion that I dissent.

I have no quarrel with the following, which appears in the opinion: "It is not essential in the

application of the doctrine of res adjudicata, however, that a party to be bound by the former adjudication should have been a formal party thereto or privy to a formal party. It is sufficient if he, having an interest in the subject matter, participated openly and actively in so much of the former litigation as led to the judgment adjudicating the cause of action in question." The majority have cited no case—for, I suspect, they have found none—wherein res adjudicata may rest on the decision of a motion filed after judgment had been entered. As their own words, quoted above, demonstrate, the principle upon which they rely is applicable only when there is an open and active participation which leads to judgment. It is totally inapt when the participation consisted solely in the filing of a motion to revoke a final judgment which Mrs. Pearson had been advised from the bench could never affect her as long as she was not made a party to the action.