### MARION T. PEARSON *v.* BRIDGEPORT HYDRAULIC COMPANY

INGLIS, C. J., O'SULLIVAN, WYNNE and DALY, Js.[1]

Argued October 5—decided November 1, 1955

*Marion T. Pearson,* pro se, the appellant (plaintiff).

*Arthur C. Williams,* for the appellee (defendant).

PER CURIAM. The plaintiff seeks a new trial, on the ground of newly discovered evidence, of an action brought against her by the defendant, the Bridgeport Hydraulic Company, in which judgment was rendered by the Superior Court enjoining her from prosecuting against the company any further actions relating to certain property it had taken by condemnation proceedings. The judgment was affirmed on appeal to this court. *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 91 A.2d 778. The trial court denied the petition for a new trial and the plaintiff has appealed.

The record does not contain a finding of facts since none was requested by the plaintiff. From the memorandum of decision, however, it appears that the court concluded that the so-called newly dis-

---

[1] By agreement of the parties the case was argued before and decided by four judges.

covered evidence which the plaintiff proffered in the petition, as well as the so-called newly discovered evidence which she referred to in her brief, was not such as would be likely to change the result if a new trial were granted. This conclusion obviously is correct. The plaintiff claimed that the new evidence indicated that the defendant, in instituting the action for an injunction, was actuated by an improper motive. "Where there is a legal right to do a certain act, the motive which induces the exercise of the right is of no importance." *Fisher, Brown & Co.* v. *Fielding,* 67 Conn. 91, 106, 34 A. 714. Accordingly, the denial of the petition was proper.

There is no error.