The plaintiffs brought an action in two counts to recover amounts due under certain Florida judgments. The first count alleges that the plaintiff Emerson Allsworth, on or about January 18, 1971, as attorney for the plaintiff Kathryn Guzauskas, recovered judgments in the amounts of $1750 and $150 against the defendant in the Circuit Court of the seventeenth judicial circuit, Broward County, Florida, in the case of Martin F. Guzauskas v. Kathryn Guzauskas. The second count alleges that on the same date, in the same case and court, Kathryn Guzauskas recovered a judgment of $296.60, representing court costs, against Martin F. Guzauskas. The plaintiffs moved for a summary judgment, claiming that there was no genuine issue as to any material fact. From the granting of the motion, the defendant has appealed.
The defendant's assignment of error that the court rendered judgment without plaintiffs' affidavits is not pursued in his brief and accordingly is not considered. Practice Book § 792D.
The remaining assignment of error concerns the defendant's claim that his special defense of res judicata creates a bona fide question of fact. The defendant's special defense alleges that the damages claimed by the plaintiffs arose out of a claim for divorce in the state of Florida, that the defendant and Kathryn Guzauskas were parties thereto, and that the matter is res judicata since the Superior Court in Hartford County rendered a judgment of divorce on December 7, 1971, as per exhibit A, and attorneys' fees were awarded in the Hartford *Page 571 
County action. Exhibit A is a certified copy of a Hartford County Superior Court judgment, dated October 15, 1971, which (1) granted a divorce to Kathryn from the defendant, (2) awarded her $23,300, and (3) directed that the defendant pay her $10,000 for reasonable attorneys' fees.
In answer to the motion for summary judgment, the defendant's opposing affidavit recited that he commenced a divorce action in Florida; that Kathryn's Florida Attorney specially appeared to contest jurisdiction; that while the Florida action was pending, Kathryn commenced an action in the Hartford County Superior Court claiming a separation and attorneys' fees; that the Florida action was terminated on or about January 18, 1971, and "apparently" awarded Kathryn attorneys' fees; that before the Hartford County separation action was determined the instant action was instituted; that the defendant instructed his attorney to see if the instant action and the separation action could be joined; that Kathryn's attorney in Hartford County refused such joinder; that, to the best of the defendant's recollection, during the local Superior Court proceedings questions were asked of Kathryn about the Florida action and whether the costs and attorneys' fees had been paid; and that it was his belief and understanding that the Hartford County Superior Court judgment had fully settled all matters between him and Kathryn, including attorneys' fees.
The defendant's brief contains the following: "For the purposes of this appeal the defendant will concede that the judgment offered by the plaintiff is valid and entitled to full faith and credit. No claim is here made that the judgment is invalid or not proper. The issues rather revolve around the defendant's special defense. While the defendant does concede that the foreign judgment is valid, the *Page 572 
defendant believes that the Hartford County Superior Court judgment of divorce in the case of Kathryn Guzauskas vs. Martin Guzauskas (as attached to the defendant's amended answer) acts as a bar to the enforcement of such judgment by way of res judicata."
"It is elementary that a cause of action is res adjudicata only as to the parties to the litigation in which it was adjudicated and their privies. Fox
v. Schaffer, 131 Conn. 439, 448...." BridgeportHydraulic Co. v. Pearson, 139 Conn. 186, 198. The defendant claims that the parties are the same though nominally different. The instant action, in the first count, involves suit on a judgment in favor of Kathryn's Florida attorney, Emerson Allsworth. The judgment in favor of Allsworth was based on a Florida statute which provided: "when any court makes an allowance for attorneys' fees, suit money or costs in any divorce, alimony of support action, the court may direct that such allowances be paid to the attorneys or other persons for whose ultimate benefit the allowances are made." Fla. Stat. § 61.16
(1969).
The judgment of the Florida court ordered and adjudged that Allsworth "do have and recover of and from ... Martin F. Guzauskas...." The defendant claims that Allsworth "by means of an assignment by statute" obtained that judgment; that an assignee stands in the same shoes as an assignor; and that res judicata therefore applies. The defendant further urges that privity exists between Allsworth and Kathryn by virtue of the attorney-client relationship in Florida and that the claims for relief and the subject matter of the Hartford County Superior Court action and the present action are identical, since the Florida action claimed attorneys' fees as did the Hartford County Superior Court action. *Page 573 
The Florida court entered judgment in favor of Allsworth against the defendant. The judgment was personal to Allsworth. It was not assigned to him by Kathryn; it was awarded to him for services rendered in representing Kathryn in a divorce action instituted against her by the present defendant. It was a judgment in Allsworth's favor and his alone. The present action in the first count is a simple suit on a judgment by Allsworth alone against the defendant. There is no evidence whatever that he assigned it to Kathryn. On the other hand, the judgment which the defendant claims as a basis for the defense of res judicata is an action for separation, amended to a divorce action, and claiming alimony and counsel fees. Allsworth was not a party to the Hartford County Superior Court action as an assignor or assignee, by operation of law or through privity, or by virtue of an attorney-client relationship. Allsworth obtained his judgment on January 18, 1971, and the Hartford County Superior Court judgment was not entered until at least October 15, 1971. The judgment of the Hartford County Superior Court made no mention whether of Allsworth, the Florida attorneys' fees, or a Florida judgment. Since the parties and the issues were not the same, the Hartford County Superior Court judgment relied upon by the defendant in his special defense as establishing a genuine issue of fact simply establishes no genuine issue of a material fact.
The defendant claims that his special defense presents a genuine issue of a material fact as to the second count, which, as stated, involves an action brought by Kathryn against the defendant on the Florida judgment in her favor for an amount representing court costs. Again, as a basis for the claim of res judicata the defendant cites the Hartford County Superior Court judgment. *Page 574 
"The doctrine of res adjudicata is one of rest, and is enforced on the ground of public policy." Brady
v. Anderson, 110 Conn. 432, 435; Bridgeport HydraulicCo. v. Pearson, 139 Conn. 186, 195. "To prevent a multiplicity of actions, equity will enjoin further litigation of a cause of action which has already been adjudicated." Bridgeport HydraulicCo. v. Pearson, supra, 195. "A final judgment on the merits is conclusive on the parties to an action and their privies as to the cause of action involved. If the same cause of action is again sued upon, the judgment is conclusive with respect to any claims relating to the cause of action which were actually made or might have been made." Id., 196; Lehrman
v. Prague, 115 Conn. 484, 490; Scott v. Scott,83 Conn. 634, 638.
The question, therefore, is whether the judgment which Kathryn is now suing on in the second count has been adjudicated in the Hartford County Superior Court case between the same parties. To determine whether the cause of action which Kathryn is now suing on has already been adjudicated, it is necessary to consider what it is. Kathryn is suing on a Florida judgment which represents court costs. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." Bridgeport Hydraulic Co. v. Pearson, supra, 197.
But, as stated above, the Hartford County Superior Court case claimed a separation, alimony and counsel fees and was later amended by Kathryn to claim a divorce, alimony, counsel fees and a change of name. Kathryn did not seek an accounting, nor did she claim moneys due to her by virtue of the Florida judgment. Although the parties were the same, the issues were not; nor does the judgment refer to the Florida judgment. *Page 575 
If the defendant seriously contended that the Hartford County Superior Court judgment included the Florida judgment, an affidavit to that effect from the defendant's attorney, or even from the state referee, could have been filed.
"[T]he `genuine issue' aspect of summary judgment procedure requires the parties to bring forward before the trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 378.
 There is no error.
In this opinion MISSAL and SPONZO, JS., concurred.