[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
This case is before the court on defendant's motion for summary judgment. Summary judgment may be rendered if the pleadings, affidavits and other proof show that there is no genuine issue of fact and that the movant is entitled to the judgment as a matter of law. Practice Book § 384; Barnes v.Schlein, 192 Conn. 732, 738, 473 A.2d 1221 (1984). Once the moving party presents evidence to support its motion for summary judgment, the opposing party must present demonstrative evidence that a factual issue exists. Id In the present case, the parties do not dispute the procedural facts, therefore, the only issue is whether the defendant is entitled to judgment as a matter of law.
The incident from which this claim arises occurred on June 26, 1991. The original complaint in this action, filed on May 6, 1992, was dismissed pursuant to § 251 of the Connecticut Practice Book on June 25, 1993. The complaint in the action that is currently before this court was served on October 22, 1994.
The current complaint specifically alleges that it was instituted pursuant to C.G.S. § 52-592, the Accidental Failure of Suit Statute. This statute provides, in pertinent part:
 If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . for any matter of form; or if, in any such action, a judgment of nonsuit has been rendered . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action.
CT Page 3750
In the present case, the determination of the original action was on June 25, 1993, when a judgment of dismissal was rendered. The new action was not commenced until October 22, 1994. More than one year had elapsed since the dismissal judgment thereby falling outside the protection of § 52-592.
The plaintiff claims that since a judgment of dismissal may be opened within four months succeeding the date on which it was rendered, pursuant to Practice Book § 326, the judgment does not become final until that four month period has passed. The plaintiff further claims that an action may be reinstituted within one year of the date that the four month period had lapsed. The court finds no legal basis for this claim. A dismissal under § 251 for failure to prosecute is a final judgment. Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186,196. Plaintiff would have had to reinstitute their claim within one year of the date of the rendition of the dismissal judgment June 25, 1993, in order to be afforded the protection of §52-592 Plaintiff failed to do so.
The court finds that no genuine issue of material fact exists in accordance with P.B. § 384 and defendants are entitled to judgment as a matter of law. Motion for summary judgment is granted. Plaintiffs objection is overruled.
SFERRAZZA, J.