[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff John B. Oestreicher proceeded with this trial based on a seven count Amended Complaint dated July 25, 1994. The defendants are Douglas I. Milan and Robert J. Nichols both of whom are Attorneys licensed to practice law in the state of Connecticut. The first four counts of the Amended Complaint are brought against the defendant Douglas I. Milan who previously brought a lawsuit against the plaintiff for his client the Anglican Church, Province of New England, Ltd (Province of New England) which lawsuit was terminated in the plaintiff's favor (John B. Oestreicher). As a result this present lawsuit was instituted by the Plaintiff against Attorney Milan alleging slander of title, vexatious lawsuit, reckless indifference and abuse of process in bringing the aforementioned lawsuit.
Counts five, six and seven of this amended complaint are CT Page 3296 brought against the defendant Robert J. Nichols who previously represented St. Stephen's Anglican Church Parish LTD (St. Stephen's) in the aforementioned lawsuit wherein the plaintiff here was a defendant in that lawsuit. The counts against Attorney Nichols allege vexatious suit, reckless indifference and abuse of process.
The previous lawsuit mentioned above was Anglican Church (Province of New England) Ltd, et al. v. John Oestreicher, et al., Docket # 293105 was returnable to the New Haven Superior Court on December 26, 1989. That lawsuit terminated as to the Anglican Church (Province of New England) Ltd and St. Stephen's Anglican Church Parish Ltd when the court entered Summary Judgment on March 7, 1994 in favor of John B. Oestreicher the defendant in that suit and the plaintiff in this matter. The facts of this previous lawsuit are germane to this matter and will have to be reviewed for a determination of this matter.
In this matter the only witnesses were the parties themselves. The previous lawsuit related to the purchase of the rectory of St. Stephen's by the plaintiff John B. Oestreicher for $235,000.00 on June 6, 1989. This property was located on 275 Branford Road, North Branford, Connecticut. St. Stephen's was a church under the jurisdiction of the Province of New England. It was testified to by Attorney Milan that St. Stephens originally purchased its Church and Rectory from St. Augustine's Roman Catholic Church. He testified part of the purchase price was provided by a bank mortgage. Later two other encumbrances against the property were placed on the land records in favor of Claudia Smith and John DeDuca.
The Bishop of the Province of New England was the Most Reverend John H. Perry-Hooker. He appointed the Reverend Father John Peter Walzer as Rector of St. Stephen's in September 1987. In approximately October 1988 Bishop Perry-Hooker suspended Reverend Father Walzer as Rector of St. Stephens.
In the Memorandum of Decision wherein the Summary Judgment was granted in favor of John B. Oestreicher, Hodgson, J. stated that on February 2, 1989, St. Stephen's Anglican Church Ltd. quitclaimed its interest to the rectory building to Claudia D. Smith and John DeDuca. This deed was executed Emmalise Robbins Treasurer a/k/a Warden, Clark Robbins President and Claudia D. Smith Secretary. Subsequently on June 6, 1989 John DeDuca and Claudia D. Smith conveyed all their interest to the rectory CT Page 3297 building known as 275 Branford Road to John B. Oestreicher the plaintiff in this matter.
On December 4, 1989 Attorney Milan instituted a lawsuit on behalf of St. Stephen's and the Province of New England against John B. Oestreicher for the return of the property. The basis of that lawsuit was that the signatories on the Quitclaim Deed transferring the subject property to Claudia D. Smith and John DeDuca had no authority from St. Stephens or the Province of New England to convey said property and therefore the title transfer and sale of the property to John B. Oestreicher was void.
Attorney Milan and Attorney Nichols both testified that during the pendency of that lawsuit the relations between Bishop Perry-Hooker and the Reverend Father Walzer became so strained that Attorney Milan could no longer represent the Province of New England and St. Stephen's in that matter. As a result Attorney Milan withdrew as St. Stephen's attorney and Attorney Nichols then filed his appearance on behalf of St. Stephens. Attorney Nichols testified that he acted as St. Stephen's Attorney pro bono and really tried to be the line of communication between Bishop Perry-Hooker and the Reverend Father Walzer.
At no time was there any claim that the property was sold for less than fair market value or that the proceeds from the sale were given to anyone other than the proper recipients.
The Plaintiff in this matter testified that when he purchased the property at 275 Branford Road he did so with monies from a commercial demand note from a bank. He stated he made improvements to the property with his own funds. He stated that when he tried to convert the aforesaid commercial demand note into a conventional mortgage his request was denied because of the lis pendens the defendants placed on said property relative to the previous suit. On cross-examination Mr. Oestreicher stated that when the lis was filed against the subject property he was advised at that time not to challenge its legality because he did not want to make the decision on that issue the law of the case. He stated at that time he needed to learn more about the case. He stated if he moved to dismiss the aforesaid lis pendens and it was denied then e would not have been able to subsequently make a motion for Summary Judgment. The plaintiff stated that he owes $20,000.00 in legal fees for the defense of the previous action. He stated he paid $3,000.00 of that sum to date. CT Page 3298
The plaintiff testified that he did not know how much of his legal fee was attributable to St. Stephen's and how much to the Province of New England. The plaintiff submitted no time sheets for the legal fees he incurred.
To be vexatious, litigation must be prosecuted not only without probable cause but also with malice. Bridgeport HydraulicCo. v. Pearson, 139 Conn. 186, 194 (1952). Here there is no evidence whatsoever that either Attorney Milan or Attorney Nichols brought the previous suit or continued it thereafter with a malicious intent. This court cannot find such an intent on the evidence presented in this trial.
The court also finds that the plaintiff failed to sustain his burden of proof as to his claim of reckless indifference.
An action for an abuse of process lies against any person using "a legal process against another in an improper manner or to accomplish a purpose for which it was not designed. Mozzockiv. Beck, 204 Conn. 490, 494 (1987). Based on the evidence in this case this court cannot find that either defendant used the legal process against the plaintiff in an improper manner or to accomplish a purpose for which that process was not designed.
The plaintiff has not sustain his burden of proof as to Attorney Milan on his claim of Slander of title. As stated hereinbefore this court cannot find that either attorney acted with malice towards the plaintiff in representing their respective clients in the previous lawsuit.
For all of the above reasons Judgment may enter for each defendant on all counts of the Plaintiffs amended complaint as the plaintiff has not sustained his burden of proof as to any of such counts.
Judgment may enter accordingly.
William J. Sullivan, Judge.